No. 79.—CHARLES PHILLIPS, plaintiff in error, vs. THE STATE OF GEORGIA, defendant.

[1.] The 12th section of the 7th division of the Penal Code, provides—that "Any person who shall draw or make a bill of exchange, due bill or promissory note, or indorse or accept the same in a fictitious name, shall be guilty of forgery :" *Held*, that under this Statute, it is not necessary that the indictment should allege that the act was done " *with intent to defraud.*"

Forgery, in Bibb Superior Court.    Tried before Judge POWERS, November Term, 1854.

This was an indictment for the forgery of a promissory note for Twenty Dollars, delivered to Henry Tindall by the prisoner, signed with the name of " H. C. Neith & Son, No. 27, Bay street, Savannah."

The evidence showed that the prisoner had previously borrowed the sums of Five and Twelve Dollars from Tindall, representing his name to be Neith, and claiming to be one of the said firm of H. C. Neith & Son. The note was given in discharge of these two sums, adding three dollars " for the use of the money." Prisoner had registered his name at the hotel as Charles Phillips, before the giving the note.

It appeared that there was no such firm in Savannah as " H. C. Neith & Son."

Counsel for prisoner requested the Court to charge, that it was necessary to prove that the note was actually made and signed by the prisoner, and that the delivery of the note by him is not conclusive proof that he made and signed it. And also, that it must be proven that the fictitious name was assumed for the purpose of defrauding Tindall; and that if it appeared that he had used the name before the commission of the forgery, it was evidence from which they might infer that it was not assumed for that purpose. On the first and fourth grounds of request the Court charged as requested, but declined giving the second and third.

This is assigned as error.

LAMAR & LOCHRANE, for plaintiff in error.

WHITTLE, for The State.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] There were four requests made of the Court by Coun-

sel for the prisoner, when the evidence was closed in the case, viz: *First,* That it was necessary to prove that the note was made by the prisoner.

*Second,* That it was made by him in a fictitious name, with intent to defraud Tindall, the payee.

*Third,* That it must appear, from the evidence, that the fictitious name was used by prisoner with a view to perpetrate the particular fraud alleged to have been committed ; and that if it was committed—that is, if the money was obtained before the fictitious name was used, the Jury might infer that it was not used to perpetrate a fraud.

*Fourth,* That the mere delivery of a note is not conclusive evidence of its execution.

The Court gave the Jury the first and fourth requests as desired, but declined giving the second and third.

The defendant was indicted under the 12th section of the 7th division of the Penal Code, which is as follows: "Any person who shall draw or make a bill of exchange, due bill or promissory note, or indorse or accept the same in a fictitious name, shall be guilty of forgery ; and on conviction, be punished by confinement and labor in the penitentiary, for any time not less than two years nor longer than seven years." (*Cobb's Digest,* 803.)

It is clear, that under the law the offence is complete, provided it is made satisfactorily to appear, from the evidence, that the note was drawn and delivered in a fictitious name. Under the 1st section of this same head of the Code, the general offence of forgery is defined ; and there it is made necessary to allege, in the indictment, and consequently, to prove, on the trial, *the intent to defraud.* But in the particular species of forgery for which the defendant is prosecuted, as will be seen from the Statute, no such requirement is made. The Court is bound to presume that this omission was intentional. The law makes the *act* the *crime,* and infers a criminal intent from the act itself.

Such was the outline of the instructions submitted by his Honor, Judge POWERS, to the Jury ; and notwithstanding the

ingenious argument of our brother Lochrane, we must say we find no fault in it.