State *v.* Jackson.

———— ◦◆◦ ————

STATE *vs.* WILLIAM W. JACKSON.

It is generally sufficient to describe a statutory offence in the words of the statute. But cases occur where, from the nature of the offence, greater particularity is necessary for the protection of the accused.

In an information under the statute (Gen. Statutes, tit. 12, sec. 80), which provides that "every person who shall hire any horse and shall wilfully make any false statement relative to the distance, time, place or manner of using the same, with intent to defraud, shall be punished by fine &c."—it is not sufficient to describe the offence in the general language of the statute, but the misrepresentation, and the person to whom made, must be stated with particularity.

The same rule applies to informations under the statute (Gen. Statutes, tit. 12, sec. 197) against obtaining goods by false pretences, and to other offences of that class which are created by statute.

GRANDJUROR's complaint to the police court of the city of Norwich, alleging that the defendant, " on the 17th day of April, 1871, at and within the limits of the city of Norwich, did hire and use a certain horse belonging to John Rourke, and then and there did wilfully make a false statement and misrepresentation relative to the distance, time, place and manner of using and driving the same, with intent to defraud the said John Rourke, against the peace, and contrary to the form of the statute in such case provided."

The statute under which the complaint was brought, provides that " every person who shall hire any horse or team, or use any horse or team hired by others, and shall wilfully make any false statement or misrepresentation relative to the dis-

tance, time, place or manner of using or driving the same, with intent to defraud the owner thereof, or any other person, shall be punished &c." Gen. Statutes tit. 12, sec. 80.

The case was appealed by the defendant to the Court of Common Pleas for the county of New London, where, after conviction, he moved in arrest of judgment for the insufficiency of the complaint; which motion being overruled, he brought the record before this court by a motion in error.

*A. F. Park* and *Lucas*, for the plaintiff in error.

*Chadwick*, for the state.

BUTLER, C. J. It is generally sufficient to describe a statutory offence in the words of the statute. But cases occur where, from the nature of the offence, greater particularity is necessary for the protection of the accused. This subject has recently been examined in the case of *State* v. *Lockbaum*, 38 Conn. R., 400, and it is not necessary to re-examine it.

This case is exceptional. The gist of the offence created by the statute is a false and fraudulent representation in relation to the use of a hired animal. Such representations may be made to the owner or an agent, and may vary in character and intent according to the circumstances of the case. It is absolutely necessary therefore that the misrepresentation, and the person to whom made, should be alleged with particularity, that the accused may have reasonable opportunity to make defence, and be protected from another prosecution.

The case is analogous to those of misrepresentation which arise under the statute in relation to the obtaining of goods by false pretences. In that class of offences, although created by statute, it has always been holden that from the nature of the offence the statutory description was insufficient, and that the false representation, and the person to whom made, should be set forth.

There is manifest error in the record.

In this opinion the other judges concurred.