## Joseph McNamee, Jr. v. The People.

*Disinterring human bodies: Statutory offense: Informations.* An information for unlawfully disinterring a human body, which, in addition to the essential elements of the statutory offense, alleges that the body was taken "for the purpose of dissection, and with intent to sell and dispose of the same for that purpose for gain and profit," is not required to negative the possibility of leave granted under the statutes authorizing health officers and others to surrender the dead bodies of such persons as are required to be buried at public expense, under certain circumstances, for purposes of dissection.

*Granting bodies for dissection : Statutes construed.* The statutes authorizing the granting of such bodies for dissection do not purport to be amendments of any criminal statutes, or to refer to them; nor do they apply to any bodies already buried, but only to those which will otherwise require to be buried at public expense.

*Disinterring human bodies: Purposes of dissection: Information.* As the statutory offense embraces every unlawful invasion of the rights of burial, including those acts done for purposes of dissection as well as for any other unlawful purpose, the clause in this information, as to the purpose of the taking, does not make the offense charged a common-law misdemeanor not punishable as a felony under the statute.

*Informations: Definiteness: Allegations that do not prejudice.* It cannot vitiate an information to include allegations which do not change the offense charged, and only make its description more definite. The prisoner cannot be damnified by that which lays'no new burden on him, and, if it makes any difference, only calls for more proof from the prosecution.

*Heard April 14. Decided April 20.*

Error to Genesee Circuit.

*S. Howard.* and *Gaskill & Geer*, for plaintiff in error.

*Andrew J. Smith, Attorney General,* for the People.

31 MICH.—60.

CAMPBELL, J.

Plaintiff in error was 'convicted of a charge of having unlawfully disinterred a human body. The information described the place of burial and the name of the deceased, and set forth all the allegations required by § *7711* of the *Compiled Laws.* It also contained an allegation, not required by that section, that the act of taking the body was done "*for the purpose of dissection, and with intent to sell and dispose of the same for that purpose for gain and profit.*"

The errors alleged all relate to the legal sufficiency of the information.

It is claimed that the information should negative the possibility of leave granted by the board of health of any place, or such other officers as may grant bodies for dissection under peculiar circumstances, under the *Statutes of 1867, p. 254,* and the amendment thereof in *1 Statutes of 1871, p. 183.* It is sufficient to say that those statutes do not purport to be amendments of any criminal statute, or to refer to any; and that they do not refer to any bodies already buried, but only to those which will require to be buried at public expense unless so disposed of.

The other objections all rest upon the claim that the clause in the information relating to the purpose of the taking shows the act to have been a common-law misdemeanor, and not a felony, and that the statutory offense is not punishable under such an information.

The only provision in our statutes for punishing common-law offenses as such is § *7824,* which provides that such offenses may be punished in the manner therein provided if they are offenses "*for the punishment of which no provision is expressly made by any statute of this state.*"

As *section 7711* punishes every person who, "not being lawfully authorized so to do, shall willfully dig up, disinter, remove or convey away any human body, or the remains thereof, from the place where such body may be interred or deposited," it covers the whole ground, and leaves no

common-law offense unprovided for within the terms of this information. As every such invasion of the rights of burial is forbidden by the statute, it includes those acts which are done for purposes of dissection as well as for any other unlawful purpose, if there may be any other such purpose discovered. It cannot vitiate an indictment to include allegations which do not change the offense charged, and only make its description more definite. The prisoner cannot be damnified by that which throws no new burden on him, and, if it makes any difference, only calls for more proof from the prosecution.

The information is strictly legal, and the objections do not appear to us to have any force.

The judgment must be affirmed.

Cooley, J., and Graves, Ch. J., concurred.