VINEY STEVENS, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. All indictments upon statutes must state the circumstances which constitute the definition of the offence in the act, so as to bring the defendant precisely within it, and a conclusion "contrary to the form of the statute," &c., will not aid a defect in this respect.

2. Where an indictment, found under a statute, omits a material alle-

gation of that which, by such act, constitutes the gist of the offence, and which makes it punishable by imprisonment, it is bad, and the judgment thereupon will be arrested.

Writ of Error to the Circuit Court for Madison county. The facts of the case are stated in the opinion.

*J. N. Stripling* for Plaintiff in Error.

*The Attorney-General* for The State.

Mr. Justice VanValkenburgh delivered the opinion of the court.

In the month of April, 1881, at the regular term of the Circuit Court held in and for the county of Madison, the grand jury found and presented an indictment against Viney Stevens, the Plaintiff in Error, for an attempt to aid two prisoners to escape from the custody of the sheriff of the said county, she knowing at the time that a felony had been committed by them; and the said Vincy Stevens then and there, not standing in the relation of husband or wife, parent or grandparent, child or grandchild, brother or sister, by consanguinity or affinity to either of such prisoners. A trial was had and the jury found the prisoner guilty. The counsel for Plaintiff in Error moved in arrest of judgment because the indictment is so vague, indistinct and indefinite as to mislead the accused and embarrass her in the preparation of her defence; and, further, that it is so vague that the court cannot render judgment or pass sentence of punishment. The court overruled the motion, and the counsel duly excepted.

The counsel then moved for a new trial, and assigned the following grounds, to-wit:

1. Because the verdict is contrary to law.

2. Because the verdict is not warranted or sustained by the evidence.

This motion was also overruled by the court and the counsel noted an exception. After these two motions had been so overruled, the Judge decided that the indictment was so vague that the defendant might be subjected to a new prosecution for the same offence, and directed the State's Attorney to specify and endorse on the indictment the law upon which the State relied for the conviction of the defendant. In obedience to such direction of the court the State's Attorney made an endorsement on the said indictment as follows:

" To protect Viney Stevens, the accused, from the danger of a second indictment for the alleged offence above stated, it is hereby stated that the law upon which the State relies for conviction is section six, section eight, Chapter 1637, Laws of Florida, on pages 104 and 105, Pamphlet Laws of Florida.              J. F. WHITE, State's Attorney."

To this decision of the court and endorsement of the State's Attorney the defendant by her counsel excepted. The defendant's counsel caused a bill of exceptions to be prepared and signed by the Judge, and brings the cause into this court by writ of error.

The errors assigned are as follows:

I. The court below erred in admitting the testimony of M. H. Waring, a witness for the State, relative to matters and things not alleged in the indictment.

II. The court erred in refusing the motion in arrest of judgment.

III. The court erred in refusing motion for new trial.

IV. The court erred in pronouncing sentence and fixing the penalty at two years.

The statute under which this indictment was found, according to the endorsement made by order of the court, by the State's Attorney, upon the same, are sections six and eight of sub-chapter 12 of Chapter 1637, Laws 1868. Sec-

tion six is as follows : " Whoever, not standing in the relation of husband or wife, parent or grand-parent, child or grand-child, brother or sister, by consanguinity or affinity to the offender, after the commission of a felony, harbors, conceals, maintains or assists the principal or accessory before the fact, or gives such offender any other aid, knowing that he has committed a felony, or been accessory thereto before the fact, with intent that he shall avoid or escape detection, arrest, trial or punishment, shall be deemed an accessory after the fact, and be punished by imprisonment in the State Penitentiary not exceeding seven years, or in the county jail not exceeding one year, or by a fine not exceeding one thousand dollars."

The eighth section referred to provides that " whoever attempts to commit an offence prohibited by law, and in such attempt does any act towards the commission of such offence, but fails in the ,perpetration, or is intercepted or prevented in the execution of the same, when no express provision is made by law for the punishment of such attempt, shall be punished as follows," &c.

The indictment charges that Charles Savage and Howard James were prisoners in the lawful custody of Charles S. Church, deputy sheriff, for having committed a felony; that Viney Stevens, not standing in the relation of husband or wife, parent or grand-parent, child or grand-child, brother or sister, by consanguinity or affinity, to the prisoners, or either of them, knowing that they had committed a felony, unlawfully, wilfully and feloniously attempted to assist them to escape, with intent that such prisoners should avoid and escape trial and punishment for the commission of such felony ; that the said Viney Stevens had divers guns and fire-arms in her hands which she offered to divers evil-disposed persons, with the design and for the purpose of being used by such persons in assisting the escape of

such prisoners, with the intent that they should escape trial and punishment; that she urged, required, incited and commanded such persons to oppose, resist and prevent the sheriff from lawfully detaining in custody the prisoners, with intent that they should escape from custody and thus avoid trial and punishment for the commission of such felony; that said Viney Stevens well knew that such prisoners had committed a felony and were in lawful custody awaiting trial and punishment therefor.

Is this a good indictment under the statute above cited, or should the judgment have been arrested on the motion of the counsel for the defendant? It charges that Viney Stevens attempted to assist the prisoners to escape; that she did not stand in any relationship to either of them within the exceptions mentioned in the statute, and that they were in the lawful custody of the officer for the commission of a felony. It does not allege that she failed in the perpetration of the offence, or was intercepted or prevented in the execution of the same. This is an important averment under this statute, for the reason, if the prisoners did actually escape by her assistance, the indictment should have been found under another section of our statute, and the punishment would have been different. We are not advised from the reading of this indictment whether or not the accused succeeded in her efforts to procure the escape of the prisoners from trial and punishment. Our statute in this respect is in the exact language of that upon the same subject in Massachusetts, and in that State the indictments found under it charge that the accused did fail in the perpetration of the offence, and was intercepted and prevented in the execution of the same. 2 Wharton's Precedents, §1046; Comm. vs. McDonald, 5 Cushing, 365; Comm. vs. Flynn, 3 Cushing, 529; Comm. vs. Harney, 10 Met., 422.

This court has held in a number of cases that offences prescribed and defined by statute must be charged in the same or equivalent language to that used in the statute. McGahagin vs. The State, 17 Fla., 665, and cases cited.

It is a general rule that all indictments upon statutes, especially the most penal, must state all the circumstances which constitute the definition of the offence in the act, so as to bring the defendant precisely within it, and a conclusion contrary to the form of the statute, &c., will not aid a defect in this respect. (2 Chitty's Crim. Law, 281.) In the case of The Commonwealth vs. Maxwell, 2 Pick., 142, the court, in citing the language of Chief-Justice DeGrey in Rex vs. Horne, Cowp. 682, says: "The charge must contain such a description of the crime that the defendant may know what crime it is which he is called upon to answer; that the jury may appear to be warranted in their conclusion of guilty or not guilty upon the premises delivered to them, and that the court may see such definite crime that they may apply the punishment which the law prescribes." The indictment in this case, framed under the two sections of the statute above cited, omits a material allegation of that which constitutes the gist of the offence, and which makes it punishable by imprisonment in the State Penitentiary. It does not inform the defendant, within the meaning of the law, of what crime she is charged and called upon to answer.

It is not necessary to examine the other questions involved in this case as the judgment must be arrested, but query? is the charge in the indictment that the prisoners, Savage and James, were in custody for having committed a felony sufficient? The statute provides that "any crime punishable by death or imprisonment in the State Penitentiary is a felony, and no other crime shall be so considered." It is not necessary to state that the prisoners were charged

with being guilty of some crime denominated felony, or is it sufficient to allege a conclusion of law ? This question has not been raised or argued before this court, and therefore we do not decide it.

The judgment must be arrested and the defendant discharged.