THE STATE OF NEBRASKA v. NELSON D. HURDS.

1. **Sale of Mortgaged Chattels:** INDICTMENT. Section nine of chapter twelve of the Compiled Statutes provides: "That any person who, after having conveyed any article of personal property to another by mortgage, shall, during the existence of the lien or title created by such mortgage, sell, transfer, or in any manner dispose of said personal property, or any part thereof, so mortgaged, to any persons or body corporate, without first procuring the consent of the mortgagee of the property to such

sale, transfer, or disposal, shall be deemed guilty of a felony, and on conviction thereof shall be imprisoned in the penitentiary for a term not exceeding ten years, and be fined in a sum not exceeding one thousand dollars." *Held*, That under the statute it is not necessary that the indictment should allege that the act was done with the intent to defraud.

2. Constitutional Law. When the title to an act contains but one subject which is the principal or leading part of the act, and another subject is included in the act but not mentioned in the title, the title and subject matter therein contained which is included in the act will be sustained, while that part of the act not mentioned in the title will be held invalid, if it is apparent that the second was not an inducement to the legislature to pass the first, so that for the second part it would not have passed the act.

BILL OF EXCEPTIONS from Dodge county, POST, J., presiding; filed by the district attorney under the provisions of sec. 515, criminal code.

*William Marshall, District Attorney,* for the state.

*F. Dolezal, contra.*

REESE, J.

This is a proceeding in error by the district attorney of the fourth judicial district under the provisions of section 514 *et seq.*, of the criminal code, for the purpose of having the law of the case determined by this court.

The defendant was indicted for selling mortgaged personal property. The charging part of the indictment, after reciting the execution of the mortgage, is, that the defendant, " during the existence of the lien created by said mortgage, did unlawfully, fraudulently and feloniously, and without the consent of the said Seymour, Sabin & Co., the mortgagee, sell and transfer the said described personal property, to-wit, said gray horse, to George C. Land for the sum of $130.00." To this indictment the defendant demurred, his demurrer was sustained and the case dismissed.

The question presented by this record is, does this indictment charge the commission of a crime, there being no allegation that the sale of the mortgaged property was made with an intent to defraud.

Section nine of chapter twelve of the Compiled Statutes, under which this indictment was drawn, is as follows: "That any person who, after having conveyed any article of personal property to another by mortgage, shall, during the existence of the lien or title created by such mortgage, sell, transfer, or in any manner dispose of the said personal property, or any part thereof so mortgaged, to any person or body corporate, without first procuring the consent of the mortgagee of the property to such sale, transfer, or disposal  *  *  *  *  shall be deemed guilty of a felony, and on conviction thereof shall be imprisoned in the penitentiary for a term not exceeding ten years and be fined in a sum not exceeding one thousand dollars."

It will be seen that the statute above quoted contains all the elements of the crime or act for the punishment of which it is sought to provide. The offense is purely statutory, having no relation to the common law. Like many other statutory crimes the criminality is made to consist in the acts themselves which are declared criminal, and not in the intent with which the criminal act is performed. It is quite probable, and we think the law is in this as in other cases, that the act must be accompanied by a criminal purpose or intent in order to render an accused liable to be punished for an infraction of the statute, but that is not the question here. The inquiry is, should this specific intent be alleged? It has been held in some cases and is, perhaps, the rule, that while the intent with which an act made criminal by statute is not directly mentioned in the act, as a necessary ingredient of the crime, yet by a fair construction of the language it is apparent that the intent or purpose was in its spirit, and a necessary part of it, such intent must be alleged. Such a case is *Gabe v.*

*The State*, 1 Eng., 519 (Ark.)   The statute made it criminal for any person to "fraudulently keep in possession or conceal any fictitious instrument, purporting to be a bank bill," etc.   It was held that the essence of the offense consisted in keeping the fictitious instrument in possession with the intent to pass it as good, and therefore the intent should be alleged.   A moment's study of the act would seem to satisfy the mind that such must be the case.   No possible evil could result from the simple possession of such instrument.   It would invade the rights of none.   Therefore the purpose to use them " fraudulently " should be alleged. So again in *Harrington v. The State*, 54 Miss., 490.   The statute made it a crime for " any clerk of any court, or public officer, or any other person," to " wittingly make any false entry, or erase any word, or letter, or change any record belonging to any court or public officer, whether in his keeping or not."   The indictment charged that the defendant changed certain figures in a record book belonging to the records of the treasurer's office of Colfax county, being the numbers of certain registered warrants.   It was held that the indictment should allege that the change was made for the purpose of injuring or benefiting some one.   The spirit of the statute being shown by the provision in the same act, that in addition to the punishment for the crime the falsifier should be liable for all damages in an action brought by the party aggrieved.   It was evident from the act itself that it was not the purpose of the legislature to punish a clerk or officer for the correction of a clerical mistake in the records as was the case there.   In that case the court says :  " Though as a general rule it is sufficient to charge a statutory offense in the words of the statute, yet this rule does not apply where there are in the language of the statute no sufficient words to define any offense."   It is apparent that this exception has no application to the case at bar.

In *Commonwealth v. Slack*, 19 Pick., 304, the statute

under which the defendant was indicted made it criminal for any person not authorized by the board of health to knowingly or willfully dig up, remove, or convey away, or to assist in digging up, removing, or conveying away any human body or the remains thereof. The indictment charged the defendant with unlawfully, feloniously, etc., removing and carrying away from the town of Westhampton the dead body of one Ibwok Miller, deceased, the defendant not being authorized by the board of health to do so, etc. The court held that the clear purpose and object of the statute was to protect dead bodies from violation for the purposes of dissection, and that it was necessary that the indictment should allege that purpose or intent on the part of the defendant.

*The People v. Wilber,* 4 Parker's Criminal Reports, 19, is cited by defendant in error as holding that the intent to defraud should be specifically alleged, and such is the holding in that case. The act under which the defendant was indicted was for the protection of gas light companies, as expressed in the title. It was enacted "that any person who, with intent to injure or defraud any gas company * * * * shall make or cause to be made any pipe, tube, or other instrument, or contrivance, or connect the same, or cause it to be connected, with any main service pipe, or other pipe, for conducting or supplying illuminating gas, in such manner as to connect with and be calculated to supply illuminating gas to any burner * * * * by which illuminating gas is consumed," without passing through a meter, etc., should be guilty of a misdemeanor. It will be observed that the "intent to injure or defraud" is made by the statute one of the essential elements of the crime, and is used in the act as one of the criminal acts or conditions which must exist or the act will not be characterized as criminal. In such case the intent to defraud being made by the statute a part of the offense it should, by all rules of criminal pleading, be so alleged. But the

clear distinction between that act and the one under consideration in this case, upon this point, prevents the case cited from becoming authority here. *The State v. Jackson*, 39 Conn., 229, also cited by the defendant in error, is a case where the defendant was prosecuted under the following statute: " Every person who shall hire any horse and shall willfully make any false statement relative to the distance, time, place, or manner of using the same, with intent to defraud, shall be punished," etc. It was held that an indictment which described the offense in the general language of the statute, without alleging what the misrepresentations were, to whom made, etc., was insufficient, the court saying that the case was "analogous to those of misrepresentations which arise under the statute in relation to the obtaining of goods by false pretense." While the offense was created by statute, yet it was so created in general terms, and no words descriptive of the offense were used. The rule there declared has no application to this case.

As we have seen, the act under consideration contains all the elements which the legislature saw fit to require should exist to constitute the crime. A mortgage must have been made conveying the property. The act which is declared to be criminal must occur during the existence of the lien or title created by the mortgage, then if under these conditions the mortgagor sells or transfers the property without the consent of the mortgagee (with the criminal mind), the crime is complete. The act must be accompanied by an intent to do wrong (1 Bishop Crim. Law, § 287), but it is not necessary to allege this intent.

In sec. 611, vol. 1, Bishop's Criminal Procedure, in discussing the subject of indictments under statutes defining the offense, it is said: " To statutes of this sort the doctrines which require the indictment to set out the name of the defendant, the place, the time, the identifying particulars, and all other like things, apply precisely as to the common

law. Where a statute defines the offense which it creates it is ordinarily adequate, while nothing less will in any instance suffice to charge the defendant with all the acts within the statutory definition, substantially in the words of the statute, without further expansion." The same author, at section 521, quoting from Starkie on Criminal Pleading, says: "To render a party criminally responsible a vicious will must concur with a wrongful act. But though it be universally true that a man cannot become a criminal unless his mind be at fault it is not so general a rule that the guilty intention must be averred upon the face of the indictment." The author then adds, "for in a large part of the crimes the vicious will appears *prima facie* in the act itself, hence to allege simply the act makes the required *prima facie* case, and any non-concurrence of the will therein is matter of defense. But where an intent other than what arises out of the act as alleged is an element in the crime, as where a particular intent is descriptive of it, this must appear in the indictment."

The well-settled rule seems to be that if the offense consists in doing an unlawful or criminal act the evil intention will be presumed and need not be alleged. The intent is nothing more than the result which the law draws from the act, and requires no proof beyond that which the act itself implies. *Com. v. Hersey*, 2 Allen, 180, and cases there cited. To this point also see *Phillips v. The State*, 17 Georgia, 461. In that case the provisions of the statutes were as follows: "Any person who shall draw or make a bill of exchange, due bill, or promissory note, or indorse or accept the same in a fictitious name, shall be guilty of forgery, and on conviction shall be punished," etc. The court say: "It is clear that under the law the offense is complete, provided it is made satisfactorily to appear, from the evidence, that the note was drawn and delivered in a fictitious name. Under the first section of this same head of the code the general offense of

forgery is defined; and there it is made necessary to allege in the indictment, and consequently to prove on the trial, the intent to defraud. But in the particular species of forgery for which the defendant is prosecuted, as will be seen from the statute, no such requirement is made. The court is bound to presume this omission was intentional. The law makes the *act* the *crime*, and infers a criminal intent from the act itself." See also *McNamee v. The People*, 31 Mich., 473. We therefore hold that the statute in question contains all the elements which the legislature in enacting it intended should constitute the offense, and that an indictment which substantially follows its language is sufficient.

It is insisted that the act of the legislature by which the section under consideration was passed is unconstitutional. This contention is founded upon the clause of the constitution of this state (art. 3, sec. 2), which provides that, "No bill shall contain more than one subject and the same shall be clearly expressed in its title." It is said that the act contains two subjects, and the decision of this court in *Ex parte Thomason*, 16 Neb., 238, is cited to sustain this view. It is true a part of the act was held void as not within the title, but it does not therefore follow that the whole act was void. The question here presented was, we think, settled in *The State v. Lancaster County*, 17 Neb., 85. In that case the present Chief Justice, MAXWELL, in writing the opinion of the court, said: "The rule is well settled that where the title to an act actually indicates and the act itself actually includes two distinct objects where the constitution declares it shall embrace but one, the whole act must be treated as void from the manifest impossibility of choosing between the two and holding the act valid as to one and void as to the other," citing Cooley's Const. Lim., 147. "But this rule," he says, "will apply only in those cases where it is impossible from the inspection of the act itself to determine which act, or rather

which part of the act is void and which valid.   Where this can be done the rule does not apply unless it shall appear that the invalid portion was designed as an inducement to pass the valid, so that the whole taken together will warrant the belief that the legislature would not have passed the valid part alone."   The portion of the act held invalid was not included in the title, and was held void, but this did not affect the remaining portion.   The title referred alone to the fraudulent *transfer*, and not the removal of property.   The act as it now stands in section . nine in chapter 12 of the Compiled Statutes of 1885, is valid and must be so held.

It follows that the demurrer should have been overruled.

JUDGMENT ACCORDINGLY.

THE other judges concur.