THE STATE OF NEBRASKA, EX REL. WILLIAM H. POOLE, v. JOSEPH M. ROBINSON.

**Constitutional Law**: LEGISLATIVE PROCEEDINGS PROVED BY JOURNALS. The proceedings of the legislature are proved by the journals thereof, and if it should appear from them that a bill had not actually passed, the presumption in favor of the certificate of the presiding officers of the senate and house of representatives is overthrown, and the act will be declared invalid. *The State ex rel. Huff v. McLelland*, 18 Neb., 236, followed and approved.

QUO WARRANTO to test the right of respondent to exercise the office of register of deeds in Cass county.

*Harwood, Ames & Kelly,* and *Chapman & Polk,* for relator.

*Crites & Ramsey,* and *Lamb, Ricketts & Wilson,* for respondent.

REESE, J.

The leading and controlling question in this case is identical with that in *The State ex rel. Huff v. McLelland,* 18 Neb., 236.

The case has been ably presented by counsel; the whole ground having been closely and thoroughly examined, and cases have been cited which seem to sustain the theory contended for by relator. But after a somewhat careful examination of the question, guided by the light of the constitution and law of this state, we are still of the opinion that the decision in the prior case was correct. The journals of the legislature are made competent evidence by section 418 of the civil code, and by them it is shown that the bill in question was not passed by the legislature.

It could serve no good purpose to re-examine the question or re-discuss the principles involved, as we are satisfied with the reasoning of Judge MAXWELL in *The State v. McLelland.*

It follows that the writ prayed for must be denied and the cause dismissed.

JUDGMENT ACCORDINGLY.

THE other judges concur.