THE STATE OF NEBRASKA, EX REL. JOHN SINGLETON, v. JOHN N. VAN DUYN, COUNTY CLERK OF SALINE COUNTY.

1. **Constitutional Law**: LEGISLATIVE APPORTIONMENT. That part of the act of 1887, apportioning the state into representative districts, which relates to Sarpy county is shown not to have passed both houses of the legislature, and is therefore null and void; but the act, so far as it relates to the senatorial districts and the other representative districts, is complete in itself, and capable of enforcement and within the limits of the constitution, and it will be sustained.

2. ——: ——. The legislature cannot deprive the population of a county of representation in the legislature. Therefore, where in an apportionment act a county is omitted, it will retain its representation under the preceding act.

ORIGINAL application for mandamus.

*Abbott & Abbott (E. A. Gilbert* and *N. V. Harlan* with them), for relator.

*George H. Hastings* and *F. I. Foss (N. K. Griggs* and *J. R. Webster* with them), for respondent.

MAXWELL, J.

This is an application for a mandamus to compel the defendant to post notices of the election for senator and representatives in Saline county under the act of 1881, instead of the apportionment law of 1887, upon the ground that the latter act is void, "for the reason that the same was not regularly passed by both houses of the legislature, in the manner provided therefor by sections 10 and 11, article three of the state constitution, in this: That the bill for said act originated in the house of representatives, and was passed by said house on the twenty-second day of March, 1887, and by it sent to the senate on

the same day for its action thereon; that said bill, as so passed by the said house, among other things, made the ninth representative district of said state to consist of the counties of Douglas and Sarpy, and to be entitled to one representative; that the senate, among other things, so changed said bill by amendment as to change said representative district No. nine to No. eight, and by striking out of the same the words 'and Douglas,' thereby making the eighth representative district to consist of the county of Sarpy alone, and to be entitled to one representative; that the said bill so amended was returned to the house of representatives for its concurrence on the 30th day of March, 1887; that said house refused to concur in said amendments, but on that same day appointed a committee to confer with a like committee from the senate, as a joint committee of conference, to which said bill was referred; that said joint committee considered said bill and the senate amendments thereto, and reported the result of said consideration to the respective houses on the 31st day of March, 1887; that in said report given to the house of representatives was the following, among other amendments, to-wit: 'That representative district No. nine be amended by striking out the words "Douglas and Sarpy," and inserting the words "Cass and Otoe." District No. nine shall consist of the county of Sarpy, and be entitled to one representative,' which said report was, on the same day, adopted by the house of representatives, which was the final action taken on said bill, by said house. The report of said joint conference committee, sent to the senate, was the same as that sent to the house of representatives, except that the words 'district No. nine shall consist of the county of Sarpy, and be entitled to one representative,' was wholly omitted from said report, which said report was then and there adopted by the senate, and was the final action taken by the senate on said bill; whereby the county of Sarpy was entirely excluded from representation

in the house of representatives, by said bill, as it was finally acted upon by the senate; and the bill passed, concurred in, and final action taken upon by the house of representatives, certified by the secretary of state, and published as the act of 1887, was never acted upon by the senate, as is required by the constitution; and thereby became and was and is void and of non-effect.

"And the plaintiff alleges that he is informed and believes that the words 'district No. nine shall consist of the county of Sarpy, and be entitled to one representative,' was not inserted in said committee's house report by the action or order of said committee, but was attached thereto by some member of said committee, after said report had been completed and signed by said committee. All of which actings and doings of said house, senate, and joint committee will fully appear by inspection of their proceedings.

"And the plaintiff alleges that, by reason of the premises, the apportionment act of February 28, 1881, being chapter five of the Compiled Statutes of 1883, is in full force and effect; that by said last named act said Saline county is entitled to elect three members for the house of representatives instead of two, as is provided by the pretended act of 1887."

Certified copies of the Journal of each house, so far as they relate to the question presented, are attached to and made a part of the petition.

The defendant demurred generally to the petition.

As the case is one affecting all portions of the state, the argument was postponed one week in order to give all parties interested an opportunity to be heard. The case is now submitted on the demurrer.

Section 2, article 3 of the constitution of 1875, declares that, "The legislature shall provide by law for an enumeration of the inhabitants of the state in the year eighteen hundred and eighty-five, and every ten years thereafter;

and at its first regular session after each enumeration, and also after each enumeration made by the authority of the United States, but at no other time, the legislature shall apportion the senators and representatives according to the number of inhabitants, excluding Indians not taxed, and soldiers and officers of the United States army and navy."

Section 3 also provides that, "The house of representatives shall consist of eighty-four members, and the senate shall consist of thirty members until the year eighteen hundred and eighty, after which time the number of members of each house shall be regulated by law; but the number of representatives shall never exceed one hundred nor that of senators thirty-three."

In 1881 the legislature increased the members of the senate to thirty-three, and of the house to one hundred.

The evident design of the framers of the constitution, in requiring an apportionment of senators and representatives to be made by the legislature at its next regular session after each census taken by the United States and the decennial census intervening taken by the state, and at no other time, was to secure a fair apportionment based upon the population of the state. In a new state like this it necessarily follows that, in the redistribution of members, many of the older counties must give up a portion of their representation in order that the new counties may be supplied. If the relative increase of population of all the counties was the same during any period of five years, as shown by the census, there would be no necessity for the passage of an act to re-apportion senators and representatives, as no change would be made. And this principle no doubt is applicable to particular counties where representation will be neither increased nor diminished. The ordinary course of apportioning the state into senatorial and representative districts is to include all the districts in one bill. This is a matter of convenience, and no doubt is the proper mode, but if the legislature instead saw fit to

create the districts by separate bills, the apportionment be-ing based upon population as shown by the census, this court would have no authority to declare such acts void. All that the constitution requires is a fair apportionment—the mode by which it is secured being left to the legislature. The power granted, however, is to apportion and not to disfranchise.

The apportionment in all the counties is to be made upon the same ratio. In case of a major fraction of a ratio in any county, and it is necessary to join the same to a major fractional ratio in another county to form a district, no doubt some discretion exists as to the form of such district; but where a county containing population forms a representative district either alone or in connection with another county, such district cannot be destroyed by the legislature without placing such county in a new repre-sentative district. In other words, the legislature is to divide the state into senatorial and representative districts, and if it fails in whole or in part, the portion omitted may justly claim representation under the preceding statute, as the legislature has failed to make a full apportionment.

The petition in this case shows that the act, so far as it relates to the senatorial districts, is unobjectionable. So far as it relates to the representative districts it is com-plete, except as to Sarpy county. And with Sarpy county the number does not exceed the constitutional limit—one hundred. The record before us tends to show that that por-tion of the act relating to Sarpy county was not passed by both houses of the legislature—perhaps not by either—and submitted to the governor, and because of this defect we are asked to declare the whole act unconstitutional. There is no complaint that Saline county has been unjustly de-prived of any portion of its representation by reason of this re-apportionment, but the right is claimed upon the sole ground that the legislature has failed to divide the whole state into representative districts.

An act may be void in part and a portion of it valid. In such case the court, if it can separate that portion which is not in conflict with the constitution from that which is clearly in conflict therewith, and the former is complete in itself and capable of enforcement it will be sustained. *State v. Lancaster Co.*, 6 Neb., 487. *State v. Platt*, 2 Richardson, 150. *White v. Lincoln*, 5 Neb., 515. *Holmberg v. Hauck*, 16 Neb., 338. *State v. Lancaster Co.*, 17 Neb., 85. *State v. Hurds*, 19 Neb., 316. *In re Groff*, 21 Neb., 647.

In *State v. McLelland*, 18 Neb., 243, and *State v. Robinson*, 20 Neb., 96, the bill creating the office of register of deeds had passed both houses of the legislature, with a provision that it should apply to counties having 15,000 or more inhabitants. Before being presented to the governor the bill was changed, by substituting "1,500" for "15,000," and in that form was signed by the governor, and it was held that the act was void; but the rule there laid down has no application to the act in question, except so far as it relates to Sarpy county.

No act of the legislature will be declared void, unless it is clearly so, and the party who claims that an act is unconstitutional must be able to point to the particular provision of the constitution with which it is in conflict. A mere doubt of its validity is not sufficient. A statute, like a contract, is, if possible, to receive such a construction as to carry it into effect, and not to annul it. Applying this rule, there is no difficulty in sustaining the act as to all but Sarpy county.

While the hardship to a great portion of the state, by being deprived of representation until after the census of 1890, is not a proper matter for consideration at this time, still such denial of representation should not be based on a forced and unnatural construction of the statute, or upon an assumption that the act in question in failing to cover the entire state must necessarily be unconstitutional.

In the argument of the case, objection was made to the right of the relator to institute the action. There is no objection in the demurrer of the legal capacity of the relator to sue, and such objection is thereby waived. *State v. Stearns*, 11 Neb., 106. In a number of cases it has been held that where the question presented is one of public right, and the object to enforce the performance of a public duty, it is sufficient for the relator to show that he is a citizen, and as such interested in the execution of the law. *Hall v. People*, 57 Ill., 313. *State v. Judge*, 7 Iowa, 202. *Hamilton v. State*, 3 Ind., 458. *People v. Halsey*, 37 N. Y., 348. *State v. Shropshire*, 4 Neb., 413. *State v. Stearns*, 11 Neb., 106. But it is probable the complaint should come from a county unjustly discriminated against by the apportionment. It is unnecessary, however, to determine that question. The demurrer to the petition is sustained, the writ denied, and the action dismissed.

JUDGMENT ACCORDINGLY.

THE other judges concur.