BILL MILLS, *Plaintiff in Error*, v. THE STATE OF FLORIDA,
*Defendant in Error.*

1. An indictment charging the crime substantially in the language of the statute will be adjudged good, unless it becomes necessary to state the circumstances which constitute the definition of the offense charged in order to advise the prisoner of the nature of the charge against him.

2. An indictment will not be quashed or judgment arrested on account of any defect in the form of the indictment, unless the court is of the opinion that the indictment is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense, or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.

3. The requisite degree of certainty in an indictment must have reference to the *matter* to be charged and the *manner* or *form* of charging it.

4. If the indictment be defective in the statement of matter to be charged, if it entirely omits averment of an element of the offense, or fails to state the circumstances which constitute the definition of the offense charged when necessary to advise the prisoner of the nature of the charge against him, such defect or omission will be fatal to the indictment upon a motion in arrest of judgment.

5. Where the indictment is not so vague, indefinite or indistinct as to mislead the accused and embarrass him in the preparation of his defense, objections founded upon defects going rather to the form than to the substance of the indictment must be made by motion to quash or the defendant should demand before trial a bill of particulars of these matters omitted.

6. In a prosecution for violation of Section 3356 of the General Statutes, where the indictment charges that the defendant sold or disposed of the described property to him belonging and in his possession, that the property was subject to a

statutory lien at the time of its sale by the defendant, and alleging sufficient to advise the defendant of the nature of the lien and how it arose, and that the property was sold without the written consent of the holder of the lien, a motion to arrest the judgment will not be sustained although there may be defects or uncertainties in the form of these allegations that might be fatal on a motion to quash.

7. In a prosecution for violation of Section 3356 of the General Statutes by selling personal property subject to a statutory lien, the failure of the indictment to allege the name of the person to whom the property was sold and the manner of the disposition of the property and other details of the transaction will not expose the defendant to a substantial danger of a new prosecution for the same offense, for, in a subsequent prosecution upon an indictment making these allegations, the defendant would have the right to establish the identity of the transactions by proof, and he would not lose the benefit of a plea of former conviction.

8. Objections to the sufficiency of the indictment cannot be made by objecting to the evidence in support of it.

9. A motion in arrest of judgment will not lie for the improper admission or exclusion of evidence.

10. To constitute the offense of selling property subject to a statutory lien, the sale of the property must have been made by the debtor during the existence of the lien.

11. If the sale of property subject to a statutory lien was criminal as a misdemeanor when made, it could not be purged of its criminality by any subsequent payment.

12. While all common law crimes consist of two elements—the criminal act or omission, and the mental element, commonly called criminal intent, it is within the power of the legislature to dispense with the necessity for a criminal intent, and to punish particular acts without regard to the mental attitude of the doer.

13. The language of the Statute, Section 3356 of the General statutes, does not require proof of the specific intent to defeat the lien created thereby and it is evident the legislature did not intend that it should do so.

This case was decided by the court En Banc.

Writ of Error to the Circuit Court for Madison County.

The facts in the case are stated in the opinion of the court.

*Hardee & Rowe,* for Plaintiff in Error.

*Park Trammell,* Attorney General, for the State.

PARKHILL, J.—The plaintiff seeks relief here by writ of error from a conviction under an indictment of which, omitting the formal parts, the following is a copy:

"The grand jurors of the State of Florida duly chosen, empanelled and sworn diligently to inquire and true presentment make in and for the body of the county of Madison, upon their oath present that Bill Mills, on the first day of December, A. D., 1908, in the county and State aforesaid, with force and arms did then and there sell and dispose of one thousand pounds of cotton and one hundred bushels of corn to him belonging and in his possession, which said one thousand pounds of cotton and one hundred bushels of corn was subject to a statutory lien, to-wit: A lien for land rent in favor of one S. B. Mays, said cotton and corn having been grown upon lands of said S. B. Mays, and said Bill Mills did not have the written consent of said S. B. Mays to dispose of or sell said property."

The first error assigned is the denial of a motion in

arrest of judgment. The defendant moved to arrest the judgment because the indictment does not charge an offense, and is so vague and uncertain as not to put defendant on notice as to the charge he is to answer, and as not to protect him against further prosecutions for the same offense; and because the indictment does not allege the year during which the lien existed, nor the year during which the cotton and corn were grown, nor to whom the cotton and corn were sold, nor the *manner* in which the cotton and corn was disposed of, nor that the defendant was indebted to S. B. Mays for rent.

The offense sought to be charged is purely statutory, section 3356 of the General Statutes of 1906 providing that whoever shall pledge, mortgage or sell or otherwise dispose of any personal property to him belonging, or which shall be in his possession, which shall be subject to any statutory lien, whether written or not, without the written consent of the person holding such lien, shall be punished by a fine not exceeding five hundred dollars or imprisonment not exceeding one year.

Section 3961 of the General Statutes provides: "Every indictment shall be deemed and adjudged good which charges the crime substantially in the language of the statute prohibiting the crime or prescribing the punishment if any such there be." This is a copy of the enactment in England by 6 Geo. IV, section 21; and judgment cannot be arrested there for the want of additional averments, however necessary, owing to the imperfect manner in which offenses are sometimes described in statutes, but the prisoner must take advantage of the defect by demurrer. State v. Lockbaum, 38 Conn. 400. In construing our statute, we have said that an indictment charging the crime substantially in the language of the statute will be adjudged good, unless it becomes necessary to state the circumstances which constitute the definition of the of-

fense charged in order to advise the prisoner of the nature of the charge against him, as would be the case where the indictment for publishing an obscene figure or picture failed to give any description of the same sufficient to advise the defendant of the nature of the charge against him, a defect that may be taken advantage of by motion in arrest of judgment. Reyes v. State, 34 Fla. 181, 15 South. Rep. 875; Hamilton v. State, 30 Fla. 229, 11 South. Rep. 523; Stevens v. State, 18 Fla. 903.

At common law, where an indictment was defective on demurrer advantage might also have been taken of the defect on motion in arrest of judgment. Murray v. State, 9 Fla. 246. Now, by the enactment of section 1, chapter 1107, Acts of 1861, known as section 3962 General Statutes, an indictment will not be quashed or judgment will not be arrested on account of any defect in the form of the indictment, unless the court is of the opinion that the indictment is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense, or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense. Strobhar v. State, 55 Fla. 167, 47 South. Rep. 4.

The requisite degree of certainty in an indictment must have reference to the *matter* to be charged and the *manner* of form of charging it. If the indictment be defective in the statement of *matter* to be charged, if it entirely omits an averment which is an element of the offense, or fails to state the circumstances which constitute the definition of the offense charged when necessary to advise the prisoner of the nature of the charge against him, such defect or omission will be fatal to the indictment upon a motion in arrest of judgment. Stevens v. State, 18 Fla. 903; Grant v. State, 35 Fla. 581, 17 South. Rep. 225, 48 Am. St. Rep. 263. A failure to allege jurisdictional facts in

the indictment is not cured by verdict.  Reyes v. State, *supra.*

In Thomas alias Henry v. State, lately decided, where the statute made it an offense to shoot into a railroad car used or occupied by a person or persons, we adjudged the indictment fatally defective on a motion in arrest of judgment for a failure to allege the necessary averment of the *use* or *occupation* of the car.  And so, in the instant case, would we adjudge the indictment bad upon motion in arrest did it fail to allege either (1) that the defendant sold or disposed of the described property to him belonging or in his possession, or (2), that the property was subject to a statutory lien at the time of its sale by the defendant, or (3) that the defendant sold the property subject to said lien without the written consent of the holder of the lien.  But all these essential elements of the offense have been alleged in the indictment, it is substantially in the language of the statute and advises the defendant of the nature of the charge against him, and the motion to arrest the judgment will not be sustained, although there may be defects or uncertainties which might be fatal on a motion to quash.  Barber v. State, 52 Fla. 5, 42 South. Rep. 86; Ladson v. State, 56 Fla., 54, 47 South. Rep. 517; Compton v. State, 140 Ind. 442, 39 N. E. Rep. 916; Lewis v. State, 55 Fla., 54.

The indictment charges clearly and directly that the cotton and corn were subject to a statutory lien and informs the defendant of the nature of the lien and how it arose.  No point is made by the motion that the indictment fails to allege the land producing the crop is in Florida.  By charging that the cotton and corn were subject to the lien, an indebtedness to Mays for the rent was alleged, because the lien could not exist unless the defendant owed the rental.  By charging that the cotton and corn were sold in December, 1908, subject to the lien,

the indictment alleged the existence of the lien during that year, and this includes an allegation of the year cotton and corn were grown, for the statute only gives a lien for the current year. The indictment does not set forth the manner of the sale or disposition of the property nor to whom the same was sold; but these alleged defects go rather to the form than to the substance of the indictment, and the indictment is not so vague, indefinite or indistinct as to mislead the defendant and embarrass him in the preparation of his defense. Richter v. State, 4 Ga., app. 274, 61 S. E. Rep. 147.

Objections of the nature urged against this indictment ought to have been made by a motion to quash, or the defendant should have demanded, before trial, a bill of particulars of these matters omitted. By thus pointing out, before trial, the defects of form in the indictment that may have operated against him, the defendant could have protected himself and given the State an opportunity by amendment to correct the defects and thus insure both a fair and conclusive trial. But he did neither. He does not seem to have been misled or embarrassed before trial, and, by his silence and acquiescence, the defendant virtually admitted an understanding of the nature and cause of the accusation against him, and by his plea of not guilty expressed a willingness and readiness to meet the charge upon the issues of fact. He slept upon his rights, and cannot be heard now after the labor and expense of a trial upon the merits to say he was misled and embarrassed and to object to the indictment when it substantially charges a crime in the language of the statute. Arch. Cr. Pl. 48.

The failure of the indictment to allege the name of the person to whom the property was sold and the manner of disposition of the property and other details of the transaction, will not expose the defendant to a substantial

danger of a new prosecution for the same offense; for, in a subsequent prosecution upon an indictment making these allegations, the defendant would have a right to establish the identity of the transactions by proof, and he would not lose the benefit of a plea of former conviction. 3 Greenleaf's Ev. Chap. 36; 2 Leading Cases 500-560; Vaughan v. Commonwealth, 17 Gratt. (Va.) 576; State v. Lockbaum, 38 Conn. 400, text 404.

And this disposes of the second assignment also.

The third assignment is directed to the action of the court in overruling an objection to the following question propounded to Ben Wearing, a witness for the State: "Did you buy any cotton from this defendant last Fall?" The defendant objected because the indictment does not name the person or persons to whom said cotton was sold, nor does it allege that the said purchases were unknown to the jurors." The objection was properly overruled. The question sought to elicit testimony in support of the material allegation in the indictment that the defendant sold the cotton, and was admissible. Objections to the sufficiency of the indictment cannot be made by objecting to the evidence in support of it. United States v. Harmon, 45 Fed. Rep. 414; Rice v. State, 3 Kan. 141; State v. Jessup, 42 Kan. 422, 22 Pac. Rep. 627; State v. Ashe, 44 Kan. 84, 24 Pac. Rep. 72; State v. Risley, 72 Mo. 609. A motion in arrest of judgment will not lie for the improper admission or exclusion of evidence. McClerkin v. State, 20 Fla. 879.

The refusal of the court to strike the testimony of S. B. Mays that the rent due for the year 1908 had not been paid by the defendant constitutes the fourth assignment of error. This assignment is without merit. The question sought to elicit testimony in support of the allegation in the indictment that the property described therein was

subject to the statutory lien; for proof that the debt se-
cured by the lien had been paid before the sale of the
property, would show that the property was not subject
to the lien when sold by the defendant. Satchell v. State,
1 Tex. App. 438. To constitute the offense charged, the
sale of the property must have been made by the debtor
during the existence of the lien. State v. Hughes, 38 Neb.
366, 56 N. W. Rep. 982. What is here said disposes of
the sixth assignment.

The fifth assignment complains of the refusal of the
court to instruct the jury at the request of the defendant
as follows: "If from the evidence you find the defendant
sold cotton grown by him on Mr. Mays' place, and actually
paid to Mr. Mays what he received for the same, Which
was its fair cash value, then you should not find him
guilty." The requested instruction was properly refused.
If the sale was criminal as a misdemeanor when made, it
could not be purged of its criminality by any subsequent
payment. Jenkins v. State, 58 Fla. 62, 50 South. Rep. 582;
Cooper v. State, 37 Ark. 412; Steed v. Knowles, 79 Ala.
446. As said in Cooper v. State, *supra,* "It was well for
the appellant to thus satisfy his creditor, but this was no
condonation of his offense against the public."

The seventh assignment charges that "the court erred
in instructing the jury that it was not necessary that
there should have been an intent upon the part of the de-
fendant to defeat the lien in favor of Mr. Mays."

While all common law crimes consist of two elements—
the criminal act or omission, and the mental element,
commonly called criminal intent, it is within the power
of the legislature to dispense with the necessity for a
criminal intent, and to punish particular acts without
regard to the mental attitude of the doer, this because of
the difficulty of proving a criminal intent in some cases,
or, for other reasons, public policy may require it. The

law makes the *act* the crime, and infers a criminal intent from the act itself. Phillips v. State, 17 Ga. 459; Commonwealth v. Hersey, 2 Allen (Mass.) 173, text 180; McNamee v. People, 31 Mich. 473. Mr. Clark, in his late work, Elementary Law, p. 22, says: "Where an act is prohibited on pain of punishment, intention on the part of one capable of entertaining intent, and acting without justification or excuse, to do the act, constitutes criminal intent. In such cases the existence of the intent is presumed from commission of the act, on the ground that a person is presumed to intend his voluntary acts and their natural and probable consequences."

The language of the statute does not require proof of the specific intent to defeat the lien created thereby, and it is evident that the legislature did not intend that it should do so, when the movable nature of the property sought to be protected is considered, and the written consent of the holder of the lien is required before the property may be sold or disposed of.

Finding no error, the judgment is affirmed.

WHITFIELD, C. J., and SHACKLEFORD and HOCKER, JJ., concur.

TAYLOR, J., absent on account of illness.

COCKRELL, J., dissenting.

In my opinion the pleader has sought under the videlicet to set forth the statutory lien to which it is claimed the property was subject and that he has failed to allege an essential element under the statute, that is the year for which the rent was due. A lien is given "upon agricultural products raised on the land leased or rented *for the current year*" (Italics mine) Sec. 2237, 1 Gen. Stats. It may be that under our liberal statute it would be suffi-

cient as against a motion in arrest to aver generally that the property was subject to statutory lien, but when the indictment goes into particulars setting forth the supposed facts constituting such lien, it must not stop short of all the essentials prescribed by the statute. Good pleading also would require, it seems to me, an allegation in some form that the land producing the crop is situate in the State of Florida; while the statute is silent upon the point, yet of necessity our legislature does not attempt to regulate liens in other States.