STATE OF NEBRASKA v. JOHN F. THORP.

FILED SEPTEMBER 26, 1913. No. 18,014.

Information: INTENT: PURE FOOD LAW. An information charging defendant in the language of the statute with wilfully and unlawfully violating the pure food law by overreading a test of cream purchased by him for commercial purposes is not demurrable for failing to charge that the act was committed with the intent to defraud the seller; such intent not having been made by statute an element of the offense. Comp. St. 1911, ch. 33, sec. 20.

ERROR to the district court for Cuming county: GUY T. GRAVES, JUDGE. Exception sustained.

Grant G. Martin, Attorney General, and Frank E. Edgerton, for plaintiff in error.

A. R. Oleson, contra.

ROSE, J.

In the district court for Cuming county defendant was accused of violating the pure food law by overreading a test of cream purchased by him from William Pfleuger. The trial court sustained a demurrer to the information and dismissed the prosecution. For the purpose of settling the law, an exception to the ruling on the demurrer is presented here under section 515 of the criminal code.

That part of the pure food law which defendant is accused of violating makes it unlawful for any person to "overread or underread, or in any other manner make, announce or record any false or untrue test of either butter or cream." Comp. St. 1911, ch. 33, sec. 20. The charge is that John F. Thorp in Cuming county, November 26, 1912, "did then and there wilfully and unlawfully overread a certain test of cream, and did then and there wilfully and unlawfully make and announce a false and untrue test of cream, he the said John F. Thorp being then and there engaged in the business of testing and purchasing cream for commercial purposes, and having then and there purchased the said cream for commercial purposes from one William Pfleuger." The information was attacked by demurrer (1) "because the facts stated therein do not constitute an offense punishable by the laws of this state; (2) because the intent is not alleged, proof of such intent being necessary to make out the offense charged; (3) because there is no allegation of any intent to defraud any one in the doing of the acts complained of."

Counsel appointed by the trial court to present the reasons for the sustaining of the demurrer argues that the statute can only be sustained by construing it to mean that an intent to defraud the seller by an underreading and that an intent to defraud the purchaser by an overreading are essential elements of the offense. It is further insisted that the result of overreading the test was to pay too much for the cream, and that defendant did not cheat or intend to defraud any one. The legislature, however, did not use language making intent an ingredient of

the offense condemned, nor is the statute void for that reason. The act was passed in the exercise of legislative power to protect the public health and to regulate weights and measures. The protection of health and the testing, weighing and measuring of food products are so closely connected with the public welfare that no limitation not imposed by the constitution upon legislative power in relation thereto should be fixed by the courts. These are among the common and necessary subjects of both state and municipal legislation. Within constitutional limitations the legislature is the judge as to how the demands of society in these respects are best subserved. Reasonable laws which make the authority of food commissioners and boards of health effective for the protection of the public are proper enactments and must be respected by those who buy and sell and measure and weigh perishable foods. The intent with which reasonable statutory regulations are disobeyed by persons engaged in buying or in selling cream, and who are thus dealing with the public in a necessary article of food, is not always essential to a criminal charge or to proof of guilt. An evil intent or malice may be presumed from the wilful violation of a positive statute. Where the statute does not make intent a part of the violation of a proper police regulation, it is not always necessary to charge or prove it. *State v. Hurds,* 19 Neb. 316; *Seele v. State,* 85 Neb. 109; *Staley v. State,* 89 Neb. 701; *Harding v. People,* 10 Colo. 387; *Commonwealth v. Graustein,* 209 Mass. 38; *Commonwealth v. Mixer,* 207 Mass. 141; *State v. McBrayer,* 98 N. Car. 619; *State v. Smith,* 17 R. I. 371; *Mills v. State,* 58 Fla. 74; *State v. Henzell,* 17 Idaho, 725, 27 L. R. A. n. s. 159. Both the statute and the information are within the recognized exception to the general principle that intent is an element of a criminal offense and a necessary part of an information. The exception of the county attorney to the sustaining of the demurrer is therefore well taken.

EXCEPTION SUSTAINED.

REESE, C. J., LETTON and FAWCETT, JJ., not sitting.