ADOLPH HOLMBERG, PLAINTIFF IN ERROR, v. CONRAD HAUCK, DEFENDANT IN ERROR.

**Constitutional Law:** JURISDICTION OF POLICE COURT.  Under the title of " an act to provide for the organization, government, and powers of cities of the second class having more than ten thousand inhabitants," the legislature can not invest the police judge with " concurrent and co-extensive jurisdiction with county courts of all ordinary civil actions."

ERROR to district court for Lancaster county.  Tried below before POUND, J.

*Harwood, Ames & Kelly,* for plaintiff in error.

*Caldwell & Huston,* for defendant in error.

24

MAXWELL, J.

In 1883 the legislature passed "an act to provide for the organization, government, and powers of cities of the second class having more than ten thousand inhabitants." The only city to which it would apply at the time of its passage was Lincoln; but as it was a general statute and intended for other cities when their population should reach the requisite number the act was sustained as not being in conflict with the constitution. *State, ex rel. Jones, v. Graham, ante* p. 74, and we see no reason to change that decision.

Sec. 82 of the act provides that "The police judge shall have exclusive jurisdiction to hear and determine all offenses against the ordinances of the city, and concurrent and co-extensive jurisdiction with county courts of all ordinary civil actions and criminal proceedings; and all provisions of law relative to practice, process, and judgments, and appeals therefrom, and stay of execution relative to county courts, shall apply to and govern the police court in civil actions, and summons in civil actions shall be returnable, and such cases shall stand for trial as in justice's court." Comp. Stat., edition of 1883, 852.

Under this section of the act the plaintiff brought an action in the police court of Lincoln, against the defendants upon a promissory note to recover the sum of $250.50 with interest and costs. A summons was duly issued and served upon the defendant, who appeared and answered, denying the jurisdiction of the court. The objection was overruled and judgment rendered in favor of the plaintiff for the sum of $260.40 and costs. The cause was taken on error to the district court where the judgment of the police court was reversed and the action dismissed, upon the ground that the police court had no jurisdiction.

The question for determination by this court is, whether the legislation under the title of an act " to provide for the

organization, government, and powers" of certain cities can invest the police court with extraordinary powers in civil cases.

Sec. 11, Art. III., of the constitution, provides that "No bill shall contain more than one subject, and the same shall be clearly expressed in its title."

In *White v. The City of Lincoln*, 5 Neb., 516, it is said the object of this provision is to prevent surreptitious legislation by incorporating into bills obnoxious provisions which have no connection with the general object of the bill, and of which the title gives no indication.

In *Mahaney v. The People*, 13 Mich., 494, the supreme court of Michigan say : " The practice of bringing together into one bill subjects diverse in their nature, and having no necessary connection, with a view to combine in their favor the advocates of all, and thus secure the passage of several measures no one of which could succeed upon its own merits, was one both corruptive to the legislature and dangerous to the state. The general purpose of the constitutional provision is accomplished when a law has but one general object which is fairly indicated in its title." Cooley's Const. Lim., 144.

In *City of Tecumseh v. Phillips*, 5 Neb., 305, the title of the act was " to amend an act to incorporate cities of the second class, and to define their powers, approved. March 1, 1871, and to legalize certain taxes therein mentioned." The 3d section provides " that in all cases in which cities of the second class have collected and expended for the use and benefit of such cities, either in works of internal improvement, or otherwise, moneys collected from licenses for the sale of intoxicating liquors, such expenditures are hereby declared to be legal, and the same is hereby ratified and confirmed," etc. It was held that the 3d section was not within the title, and therefore was void.

And in *State v. Lancaster County*, 6 Id., 474, where

the title of the act was "To provide for township organization," it was held to include only township organization.    It is said (page 484), "It not only requires the purpose of the act to be correctly indicated by the title, but it must control the effect and operation of the law, and exclude everything which is not within the purpose indicated by the title." Other cases might be referred to, but this seems to be unnecessary.

The rule is well established in this state that the title of an act controls the effect and operation of the law, and excludes everything not included therein. This being so the legislature could not, under a title creating a higher grade of cities of the second class, invest the police court with extraordinary powers. A police court is created for the purpose of trying offenses arising under the ordinances of the city. In this class of cases it has exclusive jurisdiction, and while the legislature perhaps may clothe it with the same power as a justice of the peace in criminal cases, it can only confer the usual powers possessed by such courts. Here it is sought to create a court possessing substantially the same powers as the county court. That courts inferior to the district court may be created by law for cities and incorporated towns is conceded; but the act creating such courts must indicate such purpose in the title. The provision conferring jurisdiction in civil actions not being within the title of the act, it is unconstitutional and void. The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.