JEFFERSON H. FOXWORTHY, PLAINTIFF IN ERROR, V. CITY OF HASTINGS, DEFENDANT IN ERROR.

**Limitation of Actions:** CITIES OF SECOND CLASS. The general provisions of the code, limiting the time in which actions may be brought, applies to cities of the second class having more than five thousand inhabitants, etc., and an action against such a city for negligence, by reason of which a party has sustained injury, will lie against it if brought within the time thus limited, notwithstanding a provision in the act creating such cities, that the action shall be brought within six months.

ERROR to the district court for Adams county. Tried below before MORRIS, J.

*J. R. Webster* and *Dilworth & Smith*, for plaintiff in error, cited: *Holmberg v. Hauck*, 16 Neb., 339. *Miller v. Hurford*, 11 Id., 381. *Ex parte Thomason*, 16 Id., 239. *Ives v. Norris*, 13 Id., 254.

*C. F. Morey* and *G. W. Tibbitts*, for defendant in error, cited: *Turner v. Althaus*, 6 Neb., 54. *Holmberg v. Hauck*, 16 Id., 338. 2 Dillon Mun. Corp., Sec. 786. *Bucklin v. Ford*, 5 Barb., 393. *People v. Gilbert*, 18 Johns., 227.

MAXWELL, J.

The plaintiff, in his petition, after alleging the incorporation of the city of Hastings, says that: "On said 21st day of January, 1886, there was in said city a street named Second street, along and south of block four of Moore's addition, and along the north side of said street was a sidewalk, which said street and sidewalk was and still is a public way, under the jurisdiction and control of said city, and open to the public for passage. Long prior to January 21st, and from about the first day of January, A.D. 1886, the defendant negligently and carelessly allowed ice and snow to accumulate on the said sidewalk, and there to remain, whereby said walk became and was slippery, dangerous, and unsafe for passage, as defendant well knew. On said 21st day of January, 1886, the plaintiff, in the night time, having no knowledge or notice of such dangerous condition of said sidewalk, attempted to pass along such walk, and stepped upon such slippery accumulations of snow and ice, and thereby, without any fault or negligence on his part, was caused to fall violently down upon such snow and ice, and thereby received grievous injury of his hip, thigh joint, and sciatic nerve, and also suffered great injury of his liver and internal organs of his body, of which he immediately became grievously sick, and came near to death, and remained sick and confined to his bed and house for more than ten weeks, and was wholly incapacitated, mentally and physically, to do any business, or transact any affairs until the first day of May thereafter, and then was, and yet is, greatly impaired in health and

vigor of body, and is permanently lamed and injured, and has been caused great pain and expense and loss of time, to the damage of the plaintiff in the sum of $20,000. And thereafter, and within three months after he recovered his mental faculties, so as to be able to give attention to the cause and nature of his injury, and on the 28th day of July, 1886, the plaintiff made a sworn statement, giving his name in full, the time, place, and circumstances of the injury complained of, and the names of the witnesses thereto, as fully as to him known, which statement, sworn to by the plaintiff, and by him subscribed, he, on the 28th day of July, 1886, filed with the city clerk of the defendant, in his office."

A copy of the complaint filed with the city authorities of Hastings is attached to the petition as an exhibit.

The defendant, in its answer, "admits the allegations of fact set forth in the first paragraph, and the first four lines of the second paragraph of said petition, which read as follows, viz.:    'That the defendant is a city of the second class, duly organized and incorporated under the laws of the state of Nebraska for the incorporation of cities of the second class, and so was on the 21st day of January, 1886. On said 21st day of January, 1886, there was in said city a street named Second street, along and south of block four, of Moore's addition, and along the north side of said street was a sidewalk which was and still is a public highway, under the jurisdiction and control of said city, and open to the public for passage.'    And defendant denies each and every other allegation in said petition.    And for other and further answer to said petition, defendant further says, that it is organized and incorporated under the laws of the state of Nebraska, as a city of the second class, having more than five thousand and less than twenty-five thousand inhabitants, and was so organized on and before the said 21st day of January, 1886, and that this action was brought on a claim for damage and injury to the per-

son, sustained, as is alleged in said petition, by reason of the negligence of the defendant, but was not brought within six months from the date of sustaining the said damage and injury."

A demurrer to the second count of the answer was overruled, and the plaintiff electing to stand upon his demurrer, the case was dismissed.

The principal defense relied upon in behalf of the city is, that the action was not brought within six months from the time the cause of the action accrued, as required by Sec. 34 of Chap. 14, Compiled Statutes, which reads as follows: "All claims against the city must be presented in writing, with a full account of the items, verified by the oath of the claimant or his agent, that the same is correct, reasonable, and just, and no claim (or demand) shall be audited or allowed unless presented and verified as provided for in this section; *Provided*, No costs shall be recovered against such city in any action brought against it for any unliquidated claim, including claims for personal injury sustained by reason of the negligence of such city, which has not been presented to the city council to be audited; nor upon claims allowed in part, unless the recovery shall be for a greater sum than the amount allowed, with the interest thereon ; *Provided, further*, That all actions against such city for injury or damage to person or property hereafter sustained by reason of the negligence of such city, must be brought within six months from the date of sustaining the same; and to maintain such action it shall be necessary that the party file in the office of the city clerk, within six months from the date of the injury or damage complained of, a statement giving full name, and the time, place, nature, and circumstances of the injury or damage complained of, and the name or names of the witness or witnesses thereto."

It will be observed that the city claims to be exempt from liability by reason of a special statute of limitations.

The attorney for the plaintiff contends that this special limitation is unconstitutional and void.

Sec. 19, Art. 6 of the constitution, provides that, "All laws relating to courts shall be general and of uniform operation, and the organization, jurisdiction, powers, proceedings, and practice of all courts of the same class or grade, so far as regulated by law, and the force and effect of the proceedings, judgments, and decrees of such courts severally, shall be uniform."

Sec. 15, Art. 3, provides that, "The legislature shall not pass local or special laws in any of the following cases, that is to say: For granting divorces. Changing the names of persons or places. Laying out, opening, altering, and working roads or highways. Vacating roads, town plats, streets, alleys, and public grounds. Locating or changing county seats. Regulating county and township offices. Regulating the practice of courts of justice. Regulating the jurisdiction and duties of justices of the peace, police magistrates, and constables. Providing for changes of venue in civil and criminal cases. Incorporating cities, towns, and villages, or changing or amending the charter of any town, city or village. Providing for the election of officers in townships, incorporated towns, or cities. Summoning or impaneling grand or petit jurors. Providing for the bonding of cities, towns, precincts, school districts, or other municipalities. Providing for the management of public schools. Regulating the interest on money. The opening and conducting of any election, or designating the place of voting. The sale or mortgage of real estate belonging to minors or others under disability. The protection of game or fish. Chartering or licensing ferries or toll bridges. Remitting fines, penalties, or forfeitures. Creating, increasing, and decreasing fees, percentage, or allowances of public officers during the term for which said officers are elected or appointed. Changing the law of descent. Granting to any corporation, associa-

tion, or individual, the right to lay down railroad tracks, or amending existing charters for such purpose. Granting to any corporation, association, or individual, any special or exclusive privileges, immunity, or franchise whatever. In all other cases where a general law *can* be made applicable no special law shall be enacted."

Sec. 5 of the code of civil procedure provides that, " Civil actions can only be commenced within the time prescribed in this title, after the cause of action shall have accrued."

The code then enumerates the different classes of cases, and requires actions to be brought thereon within the time limited, being from one to ten years, and which, in the case of negligence, would be four years. This limitation covers every kind of a case, except a domestic judgment. Negligence is defined as "the want of due diligence." 2 Bouv. Law Dict., 222.

. In *Blyth v. Birmingham Waterworks,* 11 Exch., 784, negligence is defined to be, "The omission to do something which a reasonable man, guided by those considerations which ordinarily regulate the conduct of human affairs, would do, or doing something which a prudent and reasonable man would not do." *Parrott v. Wells, Fargo & Co.,* 15 Wall., 524. 1st Thompson on Negligence, 42.

Negligence is the same offense—want of due diligence— whether the party at fault is an individual, a private corporation, or a municipality. The term *negligence is neg-* ative rather than positive, and implies the absence of such care, prudence, and forethought as, under the circumstances, duty required should be given or exercised. Cooley on Torts, 659. Now, if a city is guilty of want of due care in the performance of a duty imposed upon it by statute, by reason of which an individual sustains injuries, its liability would be the same as that of a private corporation, or of an individual, under like circumstances; and the party who has sustained the injury would be entitled to the

same pecuniary compensation as though the negligent act complained of was the fault of a private corporation or an individual. There is no reason, therefore, why private acts of limitation should be passed in favor of any municipality. If, in the face of the plain provision of our constitution prohibiting special legislation for municipalities, such an act could be maintained, then special acts might be passed to apply to private corporations or to individuals, and the spectacle might be presented of innumerable acts of limitation for the same class of cases. This would lead to great confusion. The general provisions of the code limiting the time within which actions may be brought apply to all cases, and a party who has sustained injury by the negligence of another cannot be debarred of the right to recover the damages sustained thereby, if the action is brought within the time designated in the code. It would be very strange if a village, with just sufficient inhabitants and wealth to incorporate, should be liable for negligence causing injury, for the full period of four years, while a city of the advanced second class, with a large amount of wealth, should be liable but six months.

Questions, no doubt, will arise as to the validity of the provision requiring notice of the names of the witnesses, etc., to be given to the city council at the time the claim for damages is filed, but that matter does not properly arise in this case. While it is proper to present the names of such witnesses to the city authorities, in order that the validity of the claim may be investigated, yet it is believed that the failure to do so will not defeat a recovery, although it may affect the question of costs.

The chapter relating to cities of the second class having more than five thousand inhabitants, etc., confers and defines the municipal powers of such cities. The limitation of the time within which an action is to be brought against such municipality, from a failure to properly exercise such powers, by reason of which an individual has

sustained damages, does not come within the title of an act to create cities of the second class, etc. The limitation is a thing apart from a grant or definition of municipal powers. It relates to the equal administration of justice, and to the procedure and time within which an action shall be brought. It is sought in this manner to amend the general statute relating to limitations of actions, and this, too, without referring to such statute. It is evident that the legislature did not intend to repeal the general provisions of the code relating to limitations of actions, and that the provision referred to, which restricts the right to bring an action to six months from the time the injury accrued, is void.

It is unnecessary to refer to the allegations of disability of the plaintiff, as set forth in the petition. The judgment of the district court is reversed, and the cause remanded to the district court for further proceedings.

REVERSED AND REMANDED.

The other judges concur.