ALBERT E. TOUZALIN, APPELLANT, V. CITY OF OMAHA
ET AL., APPELLEES.

1. **Municipal Corporations:** GRADING STREETS: INJUNC-
TION TO RESTRAIN COLLECTION OF TAXES. "An act to incor-
porate cities of the first class, and regulating their duties,
powers, and government," approved March 1st, 1881, authorizes
the mayor and council to "levy and collect special taxes and
assessments upon the lots and pieces of ground adjacent to and
abutting upon the street, avenue, * * * thus in whole or
in part graded," etc. *Held,* That where a petition for an in-
junction denied that there was "any street laid out by said
city, or any grading done by or in pursuance of any ordinance
or direction of said city, or any grading done whatever, and that
the lots of said plaintiff hereinbefore described were neither
adjacent to or abutting upon the street graded," which denials
for the purpose of the action were admitted by the demurrer to
be true, the petition states a cause of action.

2. **Constitutional Law:** PAYMENT OF TAXES UNDER PROTEST:
VOID TAX. While the legislature by general law may require
a tax-payer, where a tax is levied in pursuance of law, and there
are mere errors and irregularities in the proceedings, to pay such
tax under protest, and recover the same back in an action at
law, yet this will not apply to a tax which is *absolutely void.*

3. **Taxes:** VOID TAX: INJUNCTION. A court of equity will not
enjoin the collection of a tax for mere errors or irregularities in
the proceedings of the taxing officers—the remedy at law being
ample in such cases; but where a tax is void, such tax-payer
may—if not guilty of laches—invoke the aid of such court to
protect his rights.

4. **Constitutional Law:** TITLE TO ACTS. Under the title of
"An act to incorporate cities of the first class, and regulating
their duties, powers, and government," a provision declaring
that, "no court or judge shall grant any injunction to restrain
the levy, enforcement, or collection of any special tax or assess-
ment, or any part thereof, made or contemplated being made to
pay the cost of any improvement," etc., is not within the title
of the act, and is void. *Holmberg v. Hauck,* 16 Neb., 337.

APPEAL from the district court of Douglas county.
Heard below before GROFF, J.

*Savage, Morris & Davis*, for appellant, cited : *Morrill v. Taylor*, 6 Neb., 241.    Dillon on Mun. Corp., 3d Ed., Sec. 914.    High on Injunctions, 2d Ed., Vol. 2, Sec. 1236.    *Strusburgh v. New York Cy.*, 87 N. Y., 452.    *Dupage Co. v. Jenks*, 65 Ill., 275.    *Brandirff v. Harrison Co.*, 50 Iowa, 164.    *Johnson v. Hahn*, 4 Neb., 139.    *South Platte Land Co. v. Buffalo County*, 7 Neb., 253.

*John L. Webster*, for appellee.    The legislature has the constitutional authority to pass a law forbidding the courts to issue injunction against the collection of taxes, if a way be provided to recover the tax back if the same shall prove to be illegal.    *Eddy et al. v. Township of Lee et al.*, 40 N. W. Rep., 792.    *Snyder v. Marks*, 109 U. S., 189.    *State Railroad Tax Cases*, 92 U. S., 613.    *Cheatam et al. v. U. S.*, Id., 88.    *Cody v. Lennard*, 45 Ga., 85.    *Lennon et al. v. The Mayor of New York*, 55 N. Y., 361.    The right provided to pay the tax and then sue to recover the same back is an adequate remedy, and does away with the right to an injunction.    *Brewer v. City of Springfield*, 97 Mass., 152.    *Loud v. City of Charlestown*, 99 Mass., 208.    *Norton v. City of Boston*, 119. Mass., 194.    *Tennessee v. Sneed*, 96 U. S., 69.    The right of courts to grant injunction against illegal taxes was not a right secured to them by the constitution under Sec. 9, Art. 6.    *Pullan v. Kinsinger*, 9 Am. Law Reg., 566.    *Loud v. Charlestown*, 99 Mass., 209.

MAXWELL, J.

The plaintiff alleges in his petition, in substance, that the city of Omaha is duly incorporated under the laws of the state, and that Truman Buck is the treasurer thereof. "That the plaintiff is the owner in fee simple of certain lots, pieces, and parcels of ground known and described as lots thirteen to twenty inclusive, in block three of Hillside addition No. two to the city of Omaha, and being a por-

tion of the tract shown on a map of the city of Omaha, published by George P. Bemis, in the year 1883. Lot eighteen in section sixteen, township fifteen, range thirteen east of the sixth principal meridian. Said lots are between 27th and 28th streets, in said city, and are bounded south by a prolongation of the north line of California street westward.

"That by an ordinance known as ordinance 771, the said city of Omaha ordered that the street known as California street, in said city, from 22d street to 26th street, and the alley in block 43, be graded, and directed the board of public works to superintend said work; that said ordinance was passed on the 8th day of July, 1884, and no ordinance or order has ever been passed or made for the grading or laying out of said California street for any distance whatever west of said Twenty-sixth street.

"That said California street has its western terminus or end at Twenty-sixth street aforesaid, and the said city has acquired no right to and does not own the land between Twenty-sixth and Twenty-seventh streets, upon which said California street, in case said street is ever extended westward from its present terminus as aforesaid, will be situated, but on the contrary said land is owned by and in the possession of private individuals, and no attempt by negotiation, condemnation, or otherwise, has ever been made by said city to obtain title to or possession of the same.

"That in pursuance of the ordinance hereinbefore referred to, certain grading was done on said alley, and on California street between 22d and 26th streets, the western terminus of said California street, but at no place westward of said terminus was any grade established, or any street laid out by said city; or any grading done by or in pursuance of any ordinance or direction of said city, or any grading done whatever; and that the lots of said plaintiff, hereinbefore described, were neither adjacent to nor abutting upon the street grade.

"That while it is true that certain digging was done upon the property adjoining plaintiff's lots, and certain earth removed therefrom, such digging and removal was without any notice to or knowledge of this plaintiff, and was unauthorized and a trespass, by reason whereof the plaintiff's said property has been greatly injured and the access to it impaired, and this plaintiff has suffered damages in a large sum of money, while on the other hand he has derived no benefit from the same whatever.

"And the plaintiff further says that thereafter, to-wit, on or about the 29th day of November, 1884, the said defendant, the city of Omaha, by its common council, passed an ordinance, No. 633, levying a special tax and assessment to cover one-half of the cost of grading California street from 22d street to 28th street, fixing said one-half of the cost at $5,583.71, and making the said levy on certain lots and parcels of land on California street between 22d and 26th streets, and also assessing the lots hereinbefore described as belonging to this plaintiff $59.91 each, amounting in all to the sum of $479.92.

"That said assessment upon the property of this plaintiff is utterly illegal and without any authority whatever, and is in conflict with, and in violation of, the provisions of law relative to grading and the assessments thereof; that said assessment of plaintiff's property is made upon property not abutting upon the street graded, and not included in any ordinance authorizing any grade whatever; that after the passage of said ordinance, and on said last mentioned day, a duplicate thereof was made and delivered to the said defendant, Truman Buck, treasurer aforesaid; to which said duplicate the clerk of the city appended a warrant in the usual and due form of law, requiring the said treasurer to collect the said pretended special assessment by distress and sale of the goods and chattels of the person, persons, or bodies corporate owing such special assessment, and also of the goods and chattels of this

plaintiff if the same should not be paid before the time fixed for the same to become delinquent, to-wit, the 17th day of January, 1885; that the said Truman Buck, treasurer as aforesaid, is by law required to collect the amount of such special assessment by distress and sale of the personal property of plaintiff, in case the same is not paid before said last mentioned date; and unless the said defendant Buck is restrained by the order of this court, he will make such levy and collect the amount of such assessment, and this plaintiff will have no right of action to recover damages whatever against said treasurer, for the reason that by law the warrant aforesaid is a full and complete justification to him in any such action, to recover damages or costs for any act or proceeding by him done or taken in conformity with the commands thereof; that by the act of 1881, all special assessments are made a lien upon the real estate assessed, and in case said defendant, the city treasurer, should not see fit to collect said pretended special assessment by distress and sale of the goods and chattels of the plaintiff, then and in that case the same would thereupon become a lien upon the plaintiff's real estate hereinbefore described; and in that case and in case said property is sold for such assessment, a cloud will be cast upon the plaintiff's title thereto; that unless the said defendant, the city treasurer, is restrained and enjoined by order or decree of this court, he will report to the county treasurer the said assessment, and thereupon said real estate of said plaintiff will be advertised and sold for such pretended assessment, as is by law provided in the case of assessments properly made, and thus a cloud will be cast upon the plaintiff's title; that the plaintiff is without adequate remedy at law for the wrongs and injuries hereinbefore set forth."

The plaintiff prays for an injunction, and to have the tax in question declared void, and for other relief.

The city demurred to the petition, upon the ground that

the facts stated therein were not sufficient to constitute a cause of action. The demurrer was sustained and the action dismissed. The plaintiff appeals to this court.

In 1881 the legislature passed, "An act to incorporate cities of the first class, and regulating their duties, powers, and government." Under this act Omaha was organized as a city of the first class. Sec. 42 of the act incorporating such cities provides that, "The council shall have power to open, extend, widen, narrow, grade, pave, or otherwise improve and keep in good repair, or cause the same to be done in any manner they may deem proper, any street, avenue, or alley within the limits of the city; * * * * and to defray the costs and expense of such improvements, or any of them, the mayor and council of such city shall have power and authority to levy and collect special taxes and assessments upon the lots and pieces of ground adjacent to and abutting upon the street, avenue, alley, or sidewalk thus in whole or in part graded, paved, parked, extended, constructed, or otherwise improved or repaired:

"*Provided*, That the above provision shall not apply to ordinary repairs of streets or alleys; and one-half of the expense of bringing streets, avenues, alleys, or parts thereof, to the established grade, shall be paid out of the general fund of the city." Laws 1881, Ch. 17. This section was re-enacted in 1883, the title of the act being, "An act to amend sections 42, 54, 55, respectively, of an act entitled, an act to incorporate cities of the first class," etc., approved March 1, 1881. Laws 1883, Ch. XII. Sec. 42 as amended contains these provisions: "No court or judge shall grant any injunction to restrain the levy, enforcement, or collection of any special tax or assessment, or any part thereof, made or contemplated being made to pay the cost of any improvement contemplated by this section, or any other special tax provided for by this act or the acts of which this is amendatory, including those

that may be levied to pay the cost of paving, repaving, or repairing between the rails of street railways; and no such special tax shall be declared void, nor shall any such assessment or part thereof be set aside in consequence of any error or irregularity committed or appearing in any of the proceedings under this act, or the acts of which this is amendatory; but any party feeling aggrieved by any such special tax or assessment or proceeding, may pay the said special taxes assessed and levied upon his or her or its property, or such installments thereof as may be due, at any time before the same shall become delinquent, under protest, and with notice in writing to the city treasurer that he intends to sue to recover the same back, which notice shall particularly state the alleged grievance and ground thereof, whereupon such party shall have the right to bring a civil action within sixty days thereafter, and not later, to recover back so much of the special taxes paid as he shall show to be illegal, inequitable, and unjust, the costs to follow the judgment, or to be apportioned by the court as may seem proper, which remedy shall be exclusive. The city treasurer shall promptly report all such notices to the city council for such action as may be proper. No court shall entertain any complaint that the party was authorized to make and did not make to the city council sitting as a board of equalization, nor any complaint not specified in said notice fully enough to advise the city of the exact nature thereof; nor any complaint that does not go to the groundwork, equity, and justice of the tax. The burden of proof to show such tax or part thereof invalid, inequitable, and unjust, shall rest upon the party who brings such suit."

It will be observed that the above statute relates to a special tax or assessment which is apparently legal, but by reason of irregularities or error in the proceedings may be open to attack. It does not apply to a tax or assessment which is absolutely void. Where a tax is just in itself,

but there are irregularities or errors in the proceedings, or where a party has permitted a municipality to improve his property and add to its value by grading or otherwise improving the streets of the city, the legislature no doubt by general statute may require him to pay the taxes assessed against his property for such improvements, and provide the procedure by which the same or some portion thereof claimed to be illegal may be recovered back.    Injunctions to prevent the collection of taxes are not favored, and should only be granted where the relief at law is wholly inadequate.    If, however, the tax is void, in other words, is levied without authority of law, the forms of law nevertheless being used to cast a cloud upon the title of the party's real estate, and thereby diminish its value, the power of the legislature to close the doors of the courts to aid the tax-payer is very doubtful.    A void tax is no tax. How then can the statute debar the tax-payer from enjoining the unlawful sale of his property to pay such alleged taxes?    The law might as well authorize the seizure of the property of A by force and violence, and without authority, to pay the debts of a municipality, as to seize and sell such property under a void assessment.    In either case the tax-payer may invoke the aid of the courts to protect him from wrong and oppression.    The rule is, that where public officers are proceeding illegally under claim of right they may be enjoined.    *Johnson v. Hahn*, 4 Neb., 139.    *Mohawk & Hudson R. R. Co. v. Artcher*, 6 Paige Ch., 88. *Belknap v. Belknap*, 2 Johns. Ch., 472.    *Livingston v. Livingston*, 6 Id., 497.    *Hamilton v. Cummings*, 1 Id., 516. *Hughes v. Trustees*, 1 Ves. Sr., 188.

In the case at bar it is denied that there was "any street laid out by said city; or any grading done by or in pursuance of any ordinance or direction of any city, or any grading done whatever; and that the lots of said plaintiff hereinbefore described were neither adjacent to nor abutting upon the street graded."    For the purposes of this

action these allegations are admitted by the demurrer to be true, and if so, the special assessments on the plaintiff's property are absolutely void, and may be enjoined.

The provision in Sec. 42, above copied, is found in the act to incorporate cities of the first class, regulating their duties, powers, and government. Under that narrow title it is sought to incorporate a matter entirely foreign to the subject-matter of the act. In other words, it is sought to close the doors of the courts of equity and deny to the tax-payers any relief from illegal and void taxes. If this could be done it would virtually nullify one of the provisions of our constitution, which declares that, "no bill shall contain more than one subject, and the same to be clearly expressed in its title." The title of the act in question is not broad enough to include the subject of injunctions against the collection of special assessments and taxes, and therefore it is void. The question here presented was before this court in *Holmberg v. Hauck*, 16 Neb., 337, where it was held that, under the title of "An act to provide for the organization, government, and powers of cities of the second class," etc., the legislature could not invest the police judge with concurrent and co-extensive jurisdiction with the county courts. To the same effect is *Foxworthy v. Hastings*, 23 Neb., 772.

Statutes in regard to the payment of taxes and assessments should be general in their nature, and apply to all tax-payers similarly situated alike. Upon the whole case it is apparent that the petition states a cause of action, and that the district court erred in sustaining the demurrer.

The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.