ANNIE WEIGEL V. CITY OF HASTINGS.

[FILED APRIL 29, 1890.]

Constitutional Law : ACT BROADER THAN TITLE: CITIES: UN-
SAFE STREETS. The title of the act of 1883, to provide for the
organization, government, and powers of cities of the second
class having more than five thousand inhabitants, is not broad
enough to include a provision exempting the city from liabilty
for injuries to persons or property arising from the neglect of a
street railway company to keep the street on which it is build-
ing its line in a reasonably safe condition.

ERROR to the district court for Adams county. Tried
below before GASLIN, J.

*Capps, McCreary & Stevens*, cited, in support of the
contention that the portion of subdivision 58 which seeks
to exempt the city from liability is unconstitutional:
*Holmberg v. Hauck*, 16 Neb., 337 ; *Boggs v. Washington
Co.*, 10 Id., 297 ; *Tecumseh v. Phillips*, 5 Id., 305 ; *State
v. Lancaster Co.*, 6 Id., 474; *Messenger v. State*, 25 Id.,
674 ; *White v. City of Lincoln*, 5 Id., 516 ; *Ives v. Norris*,
13 Id., 252; *City of Lincoln v. Walker*, 18 Id., 249 ; *Peo-
ple v. Mahany*, 13 Mich., 494; Cooley, Const. Lim., sec.
144; *State, ex rel. Stewart, v. Kinsella*, 14 Minn., 524;
*Mewherter v. Price*, 11 Ind., 200 ; *Gude v. Mankota*, 15 N.
W. Rep., 175.

*C. J. Dilworth, contra.*

MAXWELL, J.

This action was brought by the plaintiff against the
defendant to recover damages for personal injuries sustained
by her in consequence of the buggy in which she was
riding being overturned in a street of that city, caused by

obstructions in such street. On the trial of the cause the jury returned a verdict for the defendant, and a motion for a new trial being overruled, judgment was entered on the verdict.

The plaintiff alleges in her petition : " That on the 24th day of June, 1887, and for a long time prior thereto, with full knowledge of all the facts that said defendant corporation negligently permitted dangerous and unguarded excavations to be made and remain, and timbers to be strewn upon the streets of said city within the corporate limits thereof, upon St. Joseph avenue and Second street, at or near the junction thereof, into which excavation and upon said timbers, without any fault or negligence upon her part, the wheels of the buggy in which the plaintiff was riding (as she had a lawful right to do upon said streets) fell, causing her to be violently thrown therefrom into said dangerous and unguarded excavations and upon said timbers, thereby dislocating one wrist, breaking one arm, breaking one toe, inflicting a serious contusion on her head, wrenching and straining her back, and otherwise bruising and injuring said plaintiff in her body and mind, to her damage in the sum of $2,500 ; that by reason and in consequence of the said fall and injuries aforesaid, plaintiff was compelled to procure and did procure medical and surgical attendance, and in caring and nursing for said injuries, for which she was compelled to pay out and for said services the sum of $175." There are other allegations to which it is unnecessary to refer.

The defendant in its answer alleges : " That the only excavations existing and the only timbers strewn within the corporate limits of said defendant city, upon said St. Joseph avenue and Second street, at or near the junction thereof, on the 24th day of June, 1887, as alleged in said petition, were timbers strewn and excavations made by the Hastings Improvement Company, a street railway company, then and heretofore existing under the laws of the state of

Nebraska, and theretofore granted a franchise for constructing and operating a system of street railways in said defendant city, and on said 24th day of June, 1887, and heretofore the owner of a street railway then in process of construction, under and by virtue of its franchise as aforesaid, on St. Joseph avenue and Second street, and at and near the junction thereof, in said defendant city, and the excavations so made and timbers so strewn, as hereinbefore set forth, were upon that portion of said avenue and said street where said company had located its track and were upon that portion of said streets which said company was and is required by the law to keep in repair and safe in all respects for the use of the traveling public." It also pleads want of notice and alleges in substance that the accident was caused by the fault of the plaintiff, etc.

There is a reply, to which it is unnecessary to refer.

On the trial of the cause the court gave the following instruction: " Subdivision 58 of sec. 52, ch. 14, page 218, Compiled Statutes of Nebraska, 1887, passed and took effect March 30, 1887, reads as follows: ' The track of all railway companies, when located upon the streets and avenues of the city, shall be kept in repair and safe in all respects for the use of the traveling public, and such companies shall be liable for all damages resulting by reason of neglect to keep such tracks in repair, or for obstructing the streets or avenues of such cities. For injuries to persons or property arising wholly from the failure of such company to keep their tracks in proper repair and free from obstructions, such companies shall be liable, and the city shall be exempt from liability.' Under this provision of the statute, if you find the injury complained of was occasioned wholly by the railroad, provided you find a railroad was located by law at the place where the alleged injury occurred you will find for defendant." To the giving of the same, exceptions were duly taken, and said instruction is now assigned for error.

In 1883 an act "to provide for the organization, government, and powers of cities of the second class having more than ten thousand inhabitants" was duly passed by the legislature and became a law. Section 31 of this act provides: "The mayor and council shall have the care, supervision and control of all public highways, bridges, streets, alleys, public squares, and commons within the city, and shall cause the same to be kept open and in repair, and free from nuisances. But all public bridges, exceeding sixty feet in length, over any stream crossing a state or county highway, shall be constructed and kept in repair by the county."

The third subdivision of section 52 authorizes the passage of ordinances "To provide for the grading and repairs of any street, avenue, or alley, and the construction of bridges, culverts, and sewers, and shall defray the repairs of the same out of the general fund of such city, not exceeding two mills of the levy for general purposes, but no street shall be graded except the same be ordered to be done by the affirmative vote of two-thirds of the city council."

The 30th subdivision of the same section grants the authority "To prevent and remove all encroachments into and upon all sidewalks, streets, avenues, alleys, and other city property; and to prevent and punish all horse racing, fast driving or riding, in the streets, highways, alleys, bridges, or places in the city, and all games, practices, or amusements therein, likely to result in damage to any person or property; to regulate, prevent, and punish the riding, driving, or passing of horses, mules, oxen, cattle, or other teams, or any vehicle drawn thereby, over, upon, or across sidewalks, or along any street of the city; to regulate and prevent the use of streets, sidewalks, and public grounds for signs, sign posts, awnings, telegraph, telephone, or other poles, racks, bulletin boards, and the posting of handbills and advertisements; to regulate traffic and sales upon the streets, sidewalks, and public places; to punish and prohibit cruelty to animals; to regulate and

prevent the moving of buildings through or upon the streets."

The 35th subdivision of the same section grants the power "To open, widen, or otherwise improve or vacate any street, avenue, alley, or lane within the limits of the city, and also to create, open and improve any new street, avenue, alley, or lane; *Provided,* That all damages sustained by the citizens of the city, or the owners of the property therein, shall be ascertained in such manner as shall be provided by ordinance; *Provided, further,* That whenever any street, avenue, alley, or lane shall be vacated the same shall revert to the owners of the adjacent real estate, one-half on each side thereof."

The 58th subdivision of sec. 52, art. 2, ch. 14, Comp. Stats., provides that "The city council shall have power to open, extend, widen, narrow, grade, curb, gutter, and pave, or otherwise improve and keep in good repair, or cause the same to be done, in any manner they may deem proper, any street, avenue, or alley within the limits of the city.   *   * *Provided, also,* That all street railway companies now existing or hereafter created, in any city governed by this act, or that shall hereafter be organized thereunder, shall be required to pave or repave between and to one foot beyond their outer rails, or in case said railway uses more than one track in any street, they shall pave between and to one foot beyond their outer rails where such company owns, at their own cost.   Whenever any street shall be ordered paved or repaved by the mayor and city council of such city, such paving or repaving shall be done at the same time and shall be of the same material and character as the paving or repaving of the street upon which said railway track is located, unless other material be specially ordered by the board of public works.   Such street railway companies shall be required to keep that portion of the street required by them to be paved in repair, using for said purpose the same material as the street upon which the track is laid at the point of

repair, or such other material as the board of public works may require and order upon streets in cities governed by the act. As streets are hereafter required to be paved or repaved, street railway companies shall be required to lay, in the best approved manner, the strap or flat rail. The track of all railway companies, when located upon the streets or avenues of the city, shall be kept in repair and safe in all respects for the use of the traveling public, and such companies shall be liable for all damages resulting by reason of neglect to keep such tracks in repair, or for obstructing the streets or avenues of such city. For injuries to persons or property arising wholly from the failure of such company to keep their tracks in proper repair and free from obstructions, such companies shall be liable, and the city shall be exempt from liability."

The defendant's attorney claims that this provision exempts the city from liability. The plaintiff contends that the provision is void, as it is not within the title of the act. And this is the principal question for determination. Under the title of the act in question all matters relating to the organization, government, and powers of a city like Hastings are proper subjects of legislation. When, however, it is sought to include other powers, the title of the act must designate the purpose, or the act will be invalid, otherwise the constitutional provision would be of no force and effect. Thus in *Foxworthy v. Hastings*, 23 Neb., 772, it was held that a special provision in the act relating to cities of the second class limiting the time in which to bring an action against the city to six months was not within the title of the act and therefore was void; and in *Touzalin v. Omaha*, 25 Neb., 817, it was held that a provision in the act relating to cities of the first class, declaring that "no court or judge shall grant any injunction to restrain the levy, enforcement, or collection of any special tax, or assessment," etc., was not within the title of the act and was void. To the same effect are *Holmberg*

*v. Hauck,* 16 Neb., 337, S. C., 20 N. W. R., 279; *Tecumseh v. Phillips,* 5 Id., 305; *White v. Lincoln,* 5 Id., 505; *Ives v. Norris,* 13 Id., 252; *State v. Lancaster Co.,* 6 Id., 474.

The legislature has clothed the city of Hastings with power over its streets, and the duty devolves upon it to keep them in a reasonably safe condition, and it cannot be exempted from liability by any section not within the title of the act which either from design or otherwise may have been inserted in the bill. Whether as between the city and street railway company it is valid or not, we need not now inquire, but as to third persons, who have sustained an injury through the negligence of the city by reason of defects in its streets, the provision is void. An important provision of this kind should be passed, if at all, in a separate bill, but that question is not before the court. The court therefore erred in giving the instruction above set out. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.