COUNTY OF LANCASTER, APPELLEE, v. E. P. TRIMBLE ET AL., APPELLANTS.

[FILED SEPTEMBER 29, 1891.]

1. **Statutes :** UNIFORMITY OF OPERATION.  Where a law is general and uniform throughout the state, operating alike upon all persons and localities of a class, it is not objectionable as wanting uniformity of operation.   (*State v. Berka*, 20 Neb., 375.)

2. **Taxation :** LEGISLATURE CANNOT RELEASE PROPERTY FROM. The legislature has no power to release property from the payment of its proportionate share of taxes, nor can it confer such authority upon county commissioners.

3. ———: Void Enactment. The proviso clause of section 1, article 4, chapter 77, Compiled Statutes of Nebraska, contravenes the provisions of section 4, article IX of the constitution, and is void.

Appeal from the district court for Lancaster county. Heard below before Field, J.

J. R. Webster, for appellant cited: Johnson v. Hahn, 4 Neb., 139; Peet v. O'Brien, 5 Id., 362; Pettit v. Black, 8 Id., 59, 123; Lynam v. Anderson, 9 Id., 378; Miller v. Hurford, 13 Id., 13; Cooley, Taxation, 13, 359, 364; Neb. City v. Gas Co., 9 Id., 346, and cases.

G. M. Lambertson and R. D. Stearns, contra, cited: Kittle v. Shervin, 11 Neb., 67; Cooley, Taxation, 300; Lynam v. Anderson, 9 Neb., 379; Clother v. Maher, 15 Id., 6; State v. Graham, 17 Id., 45; Wood v. Helmer, 10 Id., 68; Turner v. Althaus, 6 Id., 54; Otoe Co. v. Brown, 16 Id., 400.

Norval, J.

This action was brought for the foreclosure of a tax lien on lot No. 10 in the N. W. quarter of section 34, township 10, range 6, being one and a quarter acres in said county.

The petition alleges that the land was subject to taxation for state and county purposes, for the years 1874 to 1882 inclusive; that the lot was duly listed and assessed for taxation for each of said years, and taxes were duly levied thereon; that the county clerk prepared the tax lists for each of said years and that taxes became delinquent and have never been paid; that the tax for 1882, November, 1883, being delinquent, the premises were duly offered at tax sale and not sold, and on May 22, 1884, were sold to the county of Lancaster for the sum of $43.95, including interest and penalty for delinquent tax of the years 1874 to 1882, inclusive. Copy of the certificate by the treasurer

is set forth in the petition; that the certificate has ever remained in the treasurer's custody and is the property of the plaintiff, Lancaster county; that since such sale, tax for years, 1883-4-5-6-7-8 has been levied and remains unpaid; that no redemption of the tax has been made. Then follows a table of the items of county and state tax of each year, and petition proceeds to aver that time for redemption expired May 22, 1888; that three months prior thereto notice was served on the owner and on the person to whom it had assessed, and on the occupant, that unless redemption were made, a foreclosure would be commenced; that the sum due is $80.21, and five years have not elapsed since the sale; that no proceedings have been had at law to collect the tax, and prayer for foreclosure.

To this petition was filed a demurrer, that:

1. The petition does not state a cause of action.

2. That the claim does not amount to $200.

This demurrer being overruled, the appellant stood on the demurrer.

After trial, judgment was rendered for the county for $89 and costs. The defendant appeals.

The first point discussed in the brief of counsel for appellant is that "the court erred in overruling the motion to strike out all items of tax set up prior to and including the year 1872." We fail to find such a motion in the record before us, or that it was passed upon by the trial court. The question, therefore, is not presented for consideration.

The sole question raised is as to the sufficiency of the petition. The remedy given for the foreclosure of a tax lien by a county is found in section 1, article 4, chapter 77, Compiled Statutes, which reads as follows:

"Section 1. That in cases whenever the county commissioners of any county in this state have purchased, or shall hereafter purchase, any real estate for taxes of any kind, delinquent for one year or more, and after the time of redemption from such sale has expired, they may, in the name

of their respective counties, proceed by action, at any time before the expiration of five years from the date of such sale, to foreclose such certificates or liens in the district court of such county and to cause the tract or lot to be sold for the satisfaction thereof, and of all prior and subsequent taxes due thereon, in all respects, as far as practicable, in the same manner and with like effect as though the same were a mortgage executed by the owner or owners of such real estate to the owner and holder of such certificates or liens for the amount therein expressed, together with such subsequent and prior taxes due thereon, and that at such foreclosure sale such county commissioners may, if they deem best, purchase in the name of their respective counties such real estate; *Provided,* That no action shall be brought and maintained by said commissioners unless the amount due on such certificates and for such taxes on said tract or tracts of land shall exceed the sum of two hundred dollars."

It will be observed that the amount claimed in the petition is $80.21, while the remedy for collection of tax by foreclosure is given a county, by said section, only where the amount involved exceeds $200. If the provisions of the section quoted are valid and binding, the remedy therein prescribed for the enforcement of a tax must be pursued, and it is exclusive of all others. Counsel for appellee contends that the limitation of the statute restricting the foreclosure of tax liens to amounts in excess of $200 is inimical to the provision of the constitution prohibiting class legislation, in that the legislature has discriminated against the counties and in favor of the individual holders of tax certificates. The section of the statute under consideration applies alike to all counties of the state; none are released from the operation of its provisions. The fact that the legislature has placed no limitation upon the foreclosure of tax liens by individual holders of tax certificates, does not make the section class legislation. (*State v. Graham,* 16 Neb., 74; *State v. Berka,* 20 Id., 375.)

Again, it is contended that the proviso clause of the section contravenes the provisions of section 4, article IX, of the constitution, which provides that "The legislature shall have no power to release or discharge any county, city, township, town, or district whatever, or the inhabitants thereof, or any corporation, or the property therein from their or its proportionate share of taxes to be levied for state purposes, or due any municipal corporation; nor shall commutation for such taxes be authorized in any form whatever."

The legislature is without power to release any inhabtant or corporation from his or its proportionate share of taxes, nor can it confer such authority upon county commissioners. It has authorized them to purchase real estate at tax sale, but has provided for the foreclosure of tax certificates in their hands only when the amount due thereon exceeds a specified sum. The proviso clause of the section of the statute quoted expressly prohibits county commissioners from foreclosing tax liens when the amount of the lien is $200 or less. It, in effect, places it in the power of county commissioners to release the taxes upon lots and lands where the amount of the delinquent taxes thereon is not over $200. All they would have to do to accomplish it is to purchase that kind of property for the county at tax sale. The legislature is powerless to confer such authority. It cannot do indirectly what the constitution prohibits it from doing directly; that is clear. (*Wood v. Helmer*, 10 Neb., 68.)

We are of the opinion that the district court was right in holding that the proviso clause of the section of the statute we have been considering is unconstitutional, and the judgment is

AFFIRMED.

THE other judges concur.