OSCAR BRYANT V. DAKOTA COUNTY.

FILED FEBRUARY 17, 1898.  No. 7739.

| | |
|---|---|
| 53 | 755 |
| 54 | 16 |
| 53 | 755 |
| 61 | 259 |

1. **Statutes:** TITLES: CONSTITUTIONAL LAW: DEFECTIVE HIGHWAY: DAMAGES.  The proviso clause of section 4, chapter 7, Laws 1889, which requires an action against a county for injury or damages resulting from a defective public highway to be brought within thirty days after the occurring of such injury or damages, is not inimical to that part of section 11, article 3, of the constitution which declares that "no bill shall contain more than one subject, and the same shall be clearly expressed in its title."

2. ———: REPUGNANCY.  An act complete in itself is not unconstitutional, although it may be in conflict with, or repugnant to, a prior statute not referred to nor in express terms repealed.

ERROR from the district court of Dakota county. Tried below before NORRIS, J.  *Affirmed.*

*Daley & Jay* and *Jay & Beck*, for plaintiff in error.

*R. E. Evans, contra.*

NORVAL, J.

This action was instituted in the court below against Dakota county to recover damages for personal injuries

alleged to have been sustained by the plaintiff by reason of the defective condition of a certain public highway which it was the duty of defendant to keep in repair. A demurrer to the petition was sustained, and the cause dismissed; and to obtain a reversal of this ruling is the purpose of this proceeding.

The record discloses that the suit was commenced more than thirty days after the alleged injury and damages occurred, which fact, the defendant insists, is sufficient to defeat a recovery. This contention is based upon section 4, chapter 7, Laws 1889 (Compiled Statutes 1897, ch. 78, sec. 117), which reads as follows: "If special damage happens to any person, his team, carriage, or other property by means of insufficiency, or want of repairs of a highway or bridge, which the. county or counties are liable to keep in repair, the person sustaining the damage may recover in a case against the county, and if damages accrue in consequence of the insufficiency or want of repair of a road or bridge, erected and maintained by two or more counties, the action can be brought against all of the counties liable for the repairs of the same, and damages and costs shall be paid by the counties in proportion as they are liable for the repairs; *Provided, however,* That such action is commenced within thirty (30) days of the time of said injury or damage occurring." It is obvious that, if the proviso clause of said section is valid legislation, the demurrer to the petition was properly sustained, since this suit was not commenced within the designated period of thirty days. It is argued by counsel for plaintiff that said proviso contravenes section 11, article 3, of the constitution, which declares: "No bill shall contain more than one' subject, and the same shall be clearly expressed in its title. And no law shall be amended unless the new act contain the section or sections so amended and the section or sections so amended shall be repealed." It is suggested that the said act of 1889 is inimical to the above provision for the reason it embraces two distinct subjects of legislation,

and that one of them alone is expressed in the title.   The act is designated as "An act relating to highways and bridges and liabilities of counties for not keeping the same in repair."   Prior to the adoption of this piece of legislation there existed in this state no right of action against a county for the recovery of damages resulting from defective public highways or bridges (*Woods v. Colfax County*, 10 Neb. 552), while by the law under consideration the authority to bring such a suit was granted (*Hollingsworth v. Saunders County*, 36 Neb. 141; *Rausch v. Dodge County*, 43 Neb. 508).   It is conceded that the purpose to confer such right of action is with sufficient clearness expressed in the title given to the law by the legislature, but it is insisted that such title is not broad enough to include the provision in the body of the act, limiting the period within which the action should be commenced. We are unable to yield assent to the proposition.   The legislature had the undoubted right to give the remedy in question, or withhold as it saw proper.   So, too, the law-making body had the power in conferring the remedy to attach as a condition that the action should be instituted within a specified length of time;   and the remedy was given upon the express condition that it should be invoked within thirty days after the sustaining of the injury or damages.   Such limitation was not an independent subject of legislation, but was germane to the principal object and purpose of the law, and was included in the title to the act.   As was said in the opinion in *State v. Tibbets*, 52 Neb. 228, "The title to a bill may be general, and it is not essential that it specify every clause in the proposed statute.   It is sufficient if they are all referable and cognate to the subject expressed.   When the subject is expressed in general terms everything which is necessary to make a complete enactment in regard to it, or which results as a complement of the thought contained in the general expression, is embraced in and authorized by it.   If the subject-matter is within the scope of the title, the constitutional require-

ment is met." Tested by this rule it is plain that the title to the act before us was sufficiently broad and comprehensive to indicate the subject-matter of legislation, and the requirements of the constitution were fully complied with.

*Foxworthy v. City of Hastings,* 23 Neb. 772, does not conflict with the views already expressed. It was there held that a provision in an act creating cities of the second class, limiting the time to six months in which actions may be brought for negligence against any city embraced within such class, was invalid, as being special legislation, and not because such provision was passed in violation of section 11, article 3, of the constitution. Moreover, the act there under consideration created no right of action, but the obnoxious clause was intended as a new statute of limitation for an existing remedy or right of action.

In *Weigel v. City of Hastings,* 29 Neb. 379, it was ruled that the title of an act providing for the organization, government, and powers of cities of the second class having over five thousand inhabitants was not sufficiently comprehensive to include a provision exempting such cities from liability for damages resulting from the neglect of a street railway company to keep in a reasonably safe condition the street on which its line is being constructed. The provision of the act there condemned was not germane to the subject-matter of the law expressed in the title, while in the statute under review the remedy thereby conferred is conditioned upon the proper steps being taken within a designated period, and the clause limiting the time for bringing the suit was not an independent subject of legislation, but was intimately connected with the main purpose and subject of the act.

*Lancaster County v. Trimble,* 33 Neb. 121, is not in point here. In that case there was under consideration section 1, article 4, chapter 77, Compiled Statutes, which authorized the foreclosure of tax liens by county commissioners where they have purchased for the county real

estate at tax sales, but limited such right of action to cases where the amount due on the tax certificate exceeds $200. It was decided that the limitation contravened section 4, article 9, of the constitution in that it had the effect to authorize the county commissioners to release the taxes upon lands where the amount of delinquent taxes thereon does not exceed the sum already named. Section 11, article 3, of the constitution was in no manner involved in that case.

The remaining three cases cited by counsel for plaintiff, *State v. Lancaster County*, 17 Neb. 85, *State v. Hurds*, 19 Neb. 323, and *Muldoon v. Levi*, 25 Neb. 457, merely announce the familiar doctrine that where a statute contains provisions which conflict with the constitution, if the valid and invalid portions are capable of separation, the latter alone will be disregarded, in case that it appears that the invalid part was not an inducement to the legislature to pass the remainder of the act.

It is urged that the act before us is bad because it modifies or amends the general statute of limitations contained in the Code, without in any manner referring to the same. A short answer to this line of argument is that the act is complete in itself, and therefore is not inimical to the constitution merely because it may be in conflict with, or repugnant to, some prior statute. For an able discussion of the question and citation of authorities see the opinion of RYAN, C., in *State v. Cornell*, 50 Neb. 526.

For the reason stated the district court did not err in sustaining the demurrer to the petition, and the judgment is accordingly

AFFIRMED.